C. M. HOUSTON v. B. W. MUSGROVE AND ANOTHER.

1. When the judgment or record of a court shows that the cause was not determined on its merits, the principle of *res adjudicata* does not apply, and the judgment will not bar a second proceeding.

2. The doctrine of *res adjudicata* can apply only to such matters and questions as were within the jurisdiction of the court.

3. A justice of the peace has no jurisdiction over vendors' liens; and therefore a general judgment rendered by a justice of the peace on

a note given for purchase money of land cannot be deemed to have adjudicated the vendor's lien. The ruling in Johnson v. Murphey, 17 Texas, 216, can have no application.

4. A justice's judgment on purchase money notes does not merge or extinguish the vendor's lien; and an assignment of such a judgment transfers the lien, so that the assignee can, in like manner as the judgment creditor himself, enforce the lien by suit in the district court. (McAlpin v. Burnett, 19 Texas, 500, and Hargrave v. Simpson, 25 Texas, 399, cited by the court.)

APPEAL from Hopkins. Tried below before the Hon. W. H. Andrews.

The opinion of the court discloses the character of this case. By an amended petition it was alleged that the defendant Roberts, when he purchased from Musgrove the land for which the notes were given, had notice of the vendor's lien outstanding against the property.

*Poag*, for the appellant.

*L. D. King*, for the appellees.

OGDEN, J.—The doctrine of *res judicata* is set up as a bar to this action, and if applicable to the facts as set out in the pleadings, must determine this cause. That the judgments of all courts of competent jurisdiction are a finality as to all matters adjudicated, or as to all matters properly presented to a court for its determination, has been determined by the highest authority. But it must be admitted that to this rule there are certain exceptions; and where the judgment or record of the court shows affirmatively that a cause was not decided upon its merits, there is no rule of law or equity which would prohibit a party from again invoking the judicial authority of the courts; and especially where a cause is brought before a court of limited jurisdiction,

the doctrine of *res judicata* can apply to such matters and questions only as that court, under the law, had jurisdiction to hear and determine.

In 1860, two judgments were obtained in a justice of the peace's court against B. W. Musgrove, one in favor of W. D. Lovelady, and the other in favor of appellant, upon two separate notes given by Musgrove in payment for a certain tract of land. The judgment in favor of Lovelady was subsequently paid by appellant, who claims that the same had been transferred to him; and in 1868, appellant brought suit in the district court on these judgments, and prayed for the foreclosure of the vendor's lien reserved in the notes which were the foundation of the judgments. This suit was brought against the original debtor, Musgrove, and O. E. Roberts, who claimed the land covered by the vendor's lien. In the district court Roberts filed a demurrer and several exceptions to the original and amended petition, which were sustained by the court, and judgment was rendered for the defendants, and the plaintiff has appealed.

We think there could be no question of the right of appellant to purchase of Lovelady the judgment rendered in his favor in the justice's court (Pinchain v. Collard, 13 Texas, 335); and that on paying the amount of the judgment, either to the creditor or to the justice of the peace, with the creditor's approval, he would be subrogated to all the rights and equities of the original creditor.

The next question presented by the pleadings is, could the appellant, who had become the *bona fide* owner of the two judgments, bring suit in the district court to foreclose the vendor's lien, retained in the original notes upon which those judgments were rendered?

The fact that simple judgments had been rendered on

the notes could in nowise affect the equities of the creditors to destroy the lien. In the case of McAlpin v. Burnett, 19 Texas, 500, this court decided that a second suit to foreclose the vendor's lien might be brought in the district court on a note which retained a vendor's lien, after a simple moneyed judgment had been rendered; and it also held that the lien would subsist until the note was barred by the statute of limitations, although judgment had been recovered on the note only.

In the case of Johnson v. The Administrator of Murphey, 17 Texas, 216, it was decided that "where a note and mortgage had been sued on, and a judgment obtained on the note only, and there was nothing in the record to show that the mortgage had not been adjudicated at the same time, a second suit could not be maintained to enforce the mortgage," on the ground of the strong presumption that all matters pleaded in the former suit had been adjudicated.

But a justice of the peace has no jurisdiction over mortgages and liens, and no presumption could be indulged in that he had assumed such authority. It would therefore appear to be definitely settled that appellant, being the owner of the two judgments rendered by the justice of the peace, retained the vendor's lien on the land for which the notes were given. And if he retained a vendor's lien on the land, how could he proceed legally to enforce the same? We think that question is settled in the case of Hargrave v. Simpson, 25 Texas, 399, in which the court says, "It pertains to the province of a court of equity to enforce liens, whether in the shape of deeds of trust, mortgages or vendor's liens. The district court alone can enforce this lien or foreclose a mortgage; and if a judgment had been obtained on the note in a justice's court, resort

would still be necessary to the district court to enforce the vendor's lien."

This would appear to settle the question as to appellant's right to sue in the district court to enforce his vendor's lien. Counsel for appellees are mistaken in their statement that appellant was a stranger to the record in both of the judgments in the justice's court, and that he paid off and settled both judgments, as the justice's docket shows that he brought suit against both maker and payee or indorser of the larger note.

Appellant alleges the insolvency of the maker of the notes at the date of the judgment and at the date of bringing this suit, which would certainly be a sufficient excuse for not suing out execution, if, indeed, he would be bound to do so under any circumstances.

We are of the opinion that the court erred in sustaining appellees' demurrer and exceptions to appellant's original and amended petition; and the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.