### MONTGOMERY v. OWEN et al.
### No. 10769.

Court of Civil Appeals of Texas. Dallas.
March 28, 1931.

See also 37 S.W.(2d) 1111.

O. F. Wencker, of Dallas, for appellant.

Tomas G. Pollard, of Tyler, and Tom L. Beauchamp, of Paris, for appellees.

## VAUGHAN, J.

Appellant, L. L. Montgomery, plaintiff below, on October 22, 1929, filed this suit in a district court of Dallas county, against M. W. Owen, the People's National Bank of Tyler, and the Miller Drilling Company, alleging residence of Owen in Dallas county, the People's National Bank in Smith county, and the Miller Drilling Company in Tarrant county, Tex. On November 6, 1929, appellant filed his first amended original petition making J. S. Kimbrough and the East Texas Oil Corporation additional parties defendant, alleging the residence of Kimbrough to be in Dallas county, but temporarily residing in Smith county, and the residence of East Texas Oil Corporation to be in Smith county, Tex. On December 12, 1929, appellant filed his second amended original petition, in which he was joined by his wife, Musidore R. Montgomery. Appellant's cause of action is based on a written contract dated September 24, 1928, between appellant as first party and defendant Owen as second party, for the exchange of land, appellant's land being located in Dallas county, and Owen's land in Smith county. Appellant sought specific performance of the contract as against all of the defendants and prayed for the conveyance to him of the land in Smith county, or in the alternative, judgment therefor.

Appellee Kimbrough, on November 22, 1929, duly filed his plea of privilege to be sued in Smith county, in every respect in due form, and in which he alleged: That no exception to exclusive venue in the county of one's residence, provided by law, existed in said cause; that this suit did not come within any of the exceptions provided by law in such cases authorizing same to be brought or maintained in the county of Dallas, or elsewhere, out of the county of Smith. On November 22, 1929, appellee East Texas Oil Corporation filed its plea of privilege to the same tenor and effect as that filed by appellee Kimbrough, to be sued in Smith, the county in which it resided and conducted its business. On December 22, 1929, appellant filed his controverting affidavit to said pleas of privilege, respectively, viz.: As to Kimbrough's plea, appellant made his second amended original petition a part thereof and alleged the following grounds for contesting said plea, viz.: "That by reason of the allegations contained in such petition this court has jurisdiction and can continue the suit without transferring the same as against the defendant, J. S. Kimbrough; that the court can further maintain jurisdiction and venue of this suit as against J. S. Kimbrough for the reason that the said Owen, at the time of the institution of this suit, was a resident of Dallas County, and such suit is lawfully maintainable against said Owen under the provisions of article 1995 of the Revised Statutes of the State of Texas, and in this suit J. S. Kimbrough is a necessary party, and suit may be maintained against J. S. Kimbrough in Dallas County because of such facts; that this court can further maintain jurisdiction and venue of this suit as against J. S. Kimbrough because said Owen, at the time of the institution of this suit, was a resident of Dallas County and entered into the contract sued upon in his own name and for himself, and the said Kimbrough is a necessary party defendant to this suit for the reason that he asserts some interest in and to the

land which plaintiffs are seeking to have conveyed to them by said Owen and said Kimbrough should be held in this suit because of the interest he asserts in the land covered by the contract sought to be specifically enforced."

As to the East Texas Oil Corporation's plea, said affidavit is, in tenor and effect, the same as that filed to appellee Kimbrough's plea, and in addition thereto contains the following: "This court can further maintain jurisdiction and venue of this suit as against the East Texas Oil Corporation because the defendant M. W. Owen at the time of the institution of this suit was a resident of Dallas, Dallas County, Texas, and entered into the contract sued upon in his own name and for himself, and the said East Texas Oil Corporation is a necessary party defendant to this suit for the reason that it asserts some interest in and to the land which plaintiffs are seeking to have conveyed to them by the defendant M. W. Owen and the defendant East Texas Oil Corporation should be held in this suit because of interest it asserts in the land covered by the contract sought to be specifically enforced."

On January 3, 1930, a hearing was had on said pleas of privilege, same were sustained and this cause as to said appellees transferred to Smith county. From this order, appellant duly prosecuted an appeal to this court. At said hearing the following facts were established: That the land said Owen contracted to convey to appellant is located in Smith county; that he held the record title thereto at the date said contract was executed; that prior to and at the time of the filing of this suit, said Owen was a resident of Dallas county; that appellee Kimbrough, prior to and at the time of the filing of the suit and at the time of the filing of his plea of privilege, resided in Smith county; that appellee East Texas Oil Corporation was, at the institution of this suit, the time of the service of the process therein, and at the time of filing of its plea of privilege, residing in and operating in Smith county; that on June 18, 1929, appellee bank duly executed its deed of that date conveying the land in Smith county to defendant Owen, which was duly filed for record in Smith county September 27, 1928, the consideration for the execution of said deed being stated therein at $2,500 cash; that the involved contract was executed on September 24, 1928, and is in tenor and effect as alleged in appellant's second amended original petition, on which this cause went to trial; that on October 3, 1928, defendant Owen executed his deed of that date reconveying the Smith county tract of land to appellee bank, the consideration for the execution of said deed being stated therein at $2,500 cash; that said deed was duly filed for record December 12, 1928; that the deed executed by appellee bank to said Owen and the

deed executed by said Owen to appellee bank, reconveying the Smith county land, were both without actual consideration; that on October 8, 1929, appellee bank executed a lease to appellee Kimbrough, granting oil and gas rights in the Smith county tract of land; that said lease was duly filed for record October 16, 1929; that on October 23, 1929, appellee Kimbrough, by instrument of that date, assigned the lease contract executed to him by said bank to appellee East Texas Oil Company, which was duly filed for record October 25, 1929; that by said contract of date September 24, 1928, said Owen and appellant, L. L. Montgomery, contracted and agreed as follows: That said appellant would convey to said Owen certain property located in Dallas county, viz., one two-story brick veneer duplex and certain furniture and furnishings located therein, in consideration that said Owen would convey to said appellant the tract of land located in Smith county, being the 259 acres involved in this suit; that said Owen obligated and bound himself to convey said 259 acres to said appellant, in consideration of the conveyance of said brick veneer duplex, furniture, and furnishings by appellant to said appellee; that said contract contains the following provisions: "Within ten days from the receipt of abstract, the party receiving same shall accept title or return abstract with written objections thereto. Failure to comply with this provision shall be construed as an acceptance of the title. In the event title is not good and cannot be made good within a reasonable time, the purchase money is to be returned to the party depositing same upon cancellation and return of this contract, but the right to enforce specific performance hereof is retained at the option of either party thereto. When title objections have been cured, each party agrees to deliver a good and sufficient warranty deed properly conveying his property to the other and to pay the balance of cash payment, if any, and to execute the notes and deeds of trust, if any, herein provided for. Should either party fail to consummate this contract, as specified for any reason except title defects, the other party may retain the cash deposit as liquidated damages for said breach after paying the agent therefrom the usual commission, or may enforce specific performance." That appellant had been, from the date fixed for the performance of said contract to the trial of this suit, in position to and desired to perform said contract; that without cause disclosed by the record defendant Owen breached said contract by refusing to make the conveyance of the Smith county tract of land to appellant; that defendant bank holds title to the Smith county tract of land under the deed executed to it by defendant Owen.

█ It was not established that any objection was raised to the title of either the Smith or Dallas county real estate. The question

presented by the appeal' is whether or not said appellees are necessary parties to the suit within the meaning of section 29a, added to our venue statute, title 42, ch. 1, art. 1995, R. S. 1925, by Acts 40th Legislature (1927), 1st Called Sess., page 197, c. 72, § 2 (Vernon's Ann. Civ. St. art. 1995, § 29 a), viz.: "Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto." We hold that appellant alleged a cause of action against defendant Owen, viz., the right to the specific performance of the contract of date September 24, 1928, and is lawfully maintainable in Dallas county as to said Owen, under the provisions of said article 1995. Are appellees Kimbrough and East Texas Oil Corporation necessary parties to said suit? In the case of Duvall v. Boyer, 35 S.W.(2d) 181, 184, this court held "that the words 'any and all necessary parties thereto' should be construed to mean 'all persons whose presence is necessary to the determination of the entire -controversy,' viz., those who are interested in resisting demands of plaintiff immediately or subsequently and whose rights will be affected thereby."

■ The above construction of said language was made in reference to a common-law action and does not state the full measure of the rule as to necessary parties to an equitable proceeding. The rule is, as we understand it, that all parties are necessary to a proceeding in equity that may be directly or indirectly involved in order that full and complete relief may be accorded the. plaintiff in the bill; or, to enable the defendant thereto to present not only his defense so as to secure the full benefit thereof in resisting the relief sought by the plaintiff, but, in addition thereto, the right to interplead such other parties against whom he may be prima facie entitled to relief, or to recover in the event the plaintiff should be decreed all or any part of the relief sought. The rule, and the reasons therefor, as to necessary parties in equitable proceedings are so fully, concisely, and comprehensively stated in Pomeroy's Equity Jurisp. vol. 1 (4th Ed.), that we are moved to quote therefrom, as plenary authority for our holding, in this cause, viz.:

"Sec. 114. The equitable doctrines with respect to parties and judgments are wholly unlike those which prevailed at the common law, different in their fundamental conceptions, in their practical operation, in their adaptability to circumstances, and in their results upon the rights and duties of litigants. The governing motive of equity in the administration of its remedial system is to grant full relief, and to adjust in the one suit the rights and duties of all the parties, which really grow out of or are connected with the subject-matter of that suit. Its fundamental principle concerning parties is, that all persons in whose favor or against whom there might be a recovery, however partial, and also all persons who are so interested, although indirectly, in the subject-matter and the relief granted, that their rights or duties might be affected by the decree, although no substantial recovery can be obtained either for or against them, shall be made parties to the suit; and it is not ordinarily a matter of substantial importance whether they are joined as plaintiffs or as defendants, although this question of procedure is regulated to a certain extent by rules based upon considerations of convenience rather than upon any essential requirements of the theory. The primary object is, that all persons sufficiently interested may be before the court, so that the relief may be properly adjusted among those entitled, the liabilities. properly apportioned, and the incidental or consequential claims or interests of all may be fixed, and all may be bound in respect thereto by the single decree."

"Sec. 115. The fundamental principle of equity in relation to judgment is, that the court shall determine and adjust the rights and liabilities concerning or connected with the subject-matter of all the parties to the suit, and shall grant the particular remedy appropriate in amount and nature to each of those entitled to any relief, and against each of those who are liable, and finally shall so frame its decree as to bar all future claims of any party before it which may arise from the subject-matter, and which are within the scope of the present adjudication. In rendering its decree, a court of equity is not hampered by any of the arbitrary regulations which restrict the action of common-law tribunals; and especially, it is not bound to give a single judgment in favor of the co-plaintiffs regarded as one body, nor against the defendants as a group of persons jointly or equally liable. In this respect it possesses a full freedom to adapt its relief to the particular rights and liabilities of each party, and to determine. the special interests of all, so far as they are legitimately connected with the subject-matter, and properly within the scope of the adjudication. * * *"

■ Under our blended system of law and equity created by the following provisions of article 5, § 8, of our state Constitution, viz., "The district court shall have original jurisdiction * * * of all suits, complaints or pleas whatever, without regard to any distinction between law and equity * * * and * * * over all causes of action whatever for which a remedy or jurisdiction is not provided by law or this constitution, * * *" a district judge presides as a chancellor, under the English equity procedure, with full power and authority as such in all equitable proceedings in which the "govern-

ing motive of equity in the administration of its remedial system" should be observed and enforced except where changed by legislative enactment. Anderson County v. Kennedy et al., 58 Tex. 616; Stein v. Frieberg, 64 Tex. 271.

We do not understand that the "governing motive of equity," viz., "to grant full relief and to adjust in the one suit the rights and duties of all the parties which really grow out of or are connected with the subject-matter of that suit," or its fundamental principle concerning parties, "that all persons in whose favor or against whom there might be a recovery, however partial, and also all persons who are so interested, although indirectly, in the subject-matter and the relief granted, that their rights or duties might be affected by the decree, although no substantial recovery can be obtained either for or against them, shall be made parties to the suit," have been impaired, changed, or altered by any of our statutory provisions dealing with parties to suits. See title 42, ch. 1, subd. 3, R. C. S. 1925 (articles 1980–1994).

Appellant, by his second amended original petition, only sought equitable relief, viz., the specific performance of the contract of date September 24, 1928, and under the allegations of said petition, the contents of the controverting affidavits, and the facts proven on the hearing of the pleas of privilege, we think it was established that appellees were necessary parties to this proceedings the same as they would have been if the cause had been filed in and was being determined by a court of chancery in the administration of the remedial system of equity; a suit for specific performance being an equitable proceeding.

The judgment of the trial court is therefore reversed, and judgment here rendered overruling said pleas of privilege.

Reversed and rendered.