**PEOPLE'S NAT. BANK OF TYLER v. MONTGOMERY.**

**No. 10754.**

Court of Civil Appeals of Texas. Dallas.

March 28, 1931.

Warren, Lasseter & Warren, of Tyler, for appellant.

O. F. Wencker, of Dallas, for appellee.

VAUGHAN, J.

This case is a companion case to cause No. 10769, L. L. Montgomery, Appellant, v. M. W. Owen et al., Appellees, 37 S.W.(2d) 1107, this day decided by this court, both being appeals prosecuted out of the same cause from judgments rendered on pleas of privilege, heard and determined on the same state of facts; therefore, the reasons given for the disposition made of the questions presented in said cause No. 10769, viz., (1) whether or not appellant, L. L. Montgomery, plaintiff in the court below, alleged a cause of action against defendant M. W. Owen, (2) is his suit lawfully maintainable in Dallas county under the provisions of article 1995, R. S. (section 29a, as added by Acts 40th Leg., 1927, 1st Called Sess., c. 72, § 2 [Vernon's Ann. Civ. St. art. 1995, § 29a]), as to said Owen, and (3) were the appellees, Kimbrough and East Texas Oil Corporation, necessary parties thereto, is adopted as authority for and will control the disposition of this appeal in so far as same present the identical questions determined in said cause No. 10769. Appellant's plea of privilege is, in tenor and effect, the same as that filed by East Texas Oil Corporation, and appellee's controverting affidavit thereto is, in tenor and effect, the same as that filed by East Texas Oil Corporation, in said cause No. 10769. We therefore hold that appellee in this cause, as plaintiff in the court below, alleged a cause of action against defendant Owen, viz., the right to the specific performance of the contract of September 24, 1928, declared upon, and that appellee's suit is lawfully maintainable in Dallas county as to said Owen under the provisions of said article 1995; that appellant bank is a necessary party to said suit.

We will now discuss the questions presented by appellant's third and fourth propositions that were not involved in cause No. 10769, viz.:

Proposition No. 3: "The suit being for specific performance of a contract to convey land, and it being shown that all the defendants, except the resident defendant, were interested in the land involved, it was error to deny the plea of defendant bank, and transfer the case as to its co-defendants, J. S. Kimbrough and East Texas Oil Corporation."

Under the cause of action alleged by appellee for the specific performance of a contract to convey land, and the facts established on the hearing of appellant's plea of privilege, viz., that defendant Owen, after the execution of said contract and before the filing of this suit, conveyed to appellant bank the tract of land that he had contracted to convey to appellee Montgomery; that after said conveyance only the codefendants of said Owen, viz., appellant bank, J. S. Kimbrough, and East Texas Oil Corporation, were interested in said tract of land—it was error for the trial court, on sustaining the pleas of privilege of said Kimbrough and East Texas Oil Corporation, to transfer the case to Smith county and deny the plea of privilege of appellant bank. Hickman v. Swain, 106 Tex. 431, 167 S. W. 209; Garrison v. Stokes (Tex. Civ. App.) 151 S. W. 898. Therefore said proposition would have to be sustained but for the fact that this error was corrected by our holding in cause No. 10769, vacating said order and overruling said pleas. Said proposition is overruled.

Proposition No. 4: "It is error in passing upon pleas of privilege to consider amended pleadings filed subsequent to the filing of the plea of privilege, and proof submitted under such amended pleadings."

The right conferred upon litigants by the provisions of article 2001, R. S. 1925, viz., "Parties may amend their pleadings, file suggestions of death and make representatives parties, make new parties, and file such other pleas as they may desire," is not in any respect changed, altered, or impaired by the filing of a plea of privilege and a controverting affidavit thereto, as the right to amend pleas of privilege and controverting affidavits may be exercised by the parties filing same under said article 2001; same being pleadings of the parties. Borschow v. Waples-Platter Gro. Co. (Tex. Civ. App.) 223 S. W. 872; F. H. Berry v. Pierce Pet. Corp., 39 S. W.(2d) ——,[1] decided by this court July 12, 1930, opinion by Mr. Justice Looney.

We therefore hold that it was not error for the trial court to consider the amended pleadings of appellee Montgomery, and said proposition is overruled. The judgment of the trial court is accordingly affirmed.

Affirmed.