## CURTIS PUB. CO. v. MITCHELL.

### No. 11888.

Court of Civil Appeals of Texas. Dallas.
Feb. 22, 1936.

Rehearing Denied March 21, 1936.

Handley & Shaeffer, of Dallas, for appellant.

Webb & Webb, of Sherman, for appellee.

JONES, Chief Justice.

This is an appeal from the judgment of the district court of Collin county, overruling appellant's plea of privilege and its plea of res judicata as to venue. The following are the necessary facts:

Appellant, the Curtis Publishing Company, is a foreign corporation legally doing business in Texas with its principal office in Dallas county. Appellee, Mary Mitchell, is a feme sole, with her residence in Grayson county. On February 2, 1934, appellee filed suit on a cause of action in a district court of Grayson county, identical with the instant cause of action. On March 12, 1934, being appearance day for the Grayson county suit, appellant filed in the district court of Grayson county its plea of privilege to be sued in the county of its Texas domicile, alleged to be Dallas county, and on the same day appellee's attorneys at Sherman received a letter from appellant's attorney stating that such plea of privilege was filed, with the statement that he would accept service for appellant on appellee's controverting affidavit when same was filed. On March 13, 1934, the day following the filing of the plea of privilege, appellee took a voluntary nonsuit in the district court of Collin county, and the suit was dismissed without prejudice. There was entered in the district court of Grayson county the following order: "On this the 13th day of March 1934 came the plaintiff, Mary Mitchell, by her attorney, and in open court announced that she would no longer prosecute this suit, and that she desires the same non-suited at her request and cost without prejudice, therefore it is ordered, adjudged and decreed by the court that this cause be and that the same is hereby dismissed without prejudice, all costs being taxed against plaintiff."

Previous to the filing of the plea of privilege in the Grayson county suit, appellee had filed the instant suit in the district court of Collin county on February 24, 1934.

Appellant's plea of privilege in the instant suit was seasonably filed on April 19, 1934. This plea of privilege was in the same form as that filed in the Grayson county suit, but there was made in connection with such plea, and as a part of it, a plea of res judicata on the issue of venue, based on the order of March 13, 1934, in the Grayson county suit, allowing a nonsuit by appellee, without prejudice. There was attached to this plea of privilege the said order of dismissal, a certified copy of the petition in the Grayson county suit, and a certified copy of the citation served upon appellant.

Appellee duly filed a controverting affidavit in the instant suit, claiming venue of the suit in Collin county under section 9 of article 1995, and also under section 23 of article 1995; the former section allowing venue of a suit, which alleges the commission of a trespass on a plaintiff, in the county where the trespass was committed; the latter section allowing venue of a suit against a private corporation, association, or joint-stock company, in the county in which the cause of action, or a part thereof, arose. The controverting affidavit, by proper allegations, shows that appellee's injuries resulted from the active negligence of appellant's agent in Collin county;

also alleges that appellant is a corporation, and by proper allegations shows that the cause of action arose in Collin county.

The evidence offered by appellee shows that appellee's injuries, which form the basis of this suit, resulted from the active negligence of one B. M. Hasha, who had prevailed upon appellee to ride in his car to McKinney for the purpose of assisting him in work he wanted to do in behalf of his employer, appellant, with a drug store in McKinney, under the same ownership of the drug store in Sherman, in which appellee worked, and with which drug store Hasha had done advertising work for appellant. The injury occurred in Collin county, through the active negligence of Hasha, before appellee and Hasha had arrived at McKinney, where it was contemplated that appellee would assist Hasha in advertising the Saturday Evening Post, published by appellant. This was the publication Hasha was advertising as agent for appellant.

The evidence is sufficient to sustain the implied findings of the trial court that Hasha was an agent of appellant, that appellant published the Saturday Evening Post, and that Hasha was working in the scope of his employment at the time of the injury to appellee. The evidence in respect to appellee's cause of action was not controverted by any evidence offered by appellant. That appellant's Texas domicile is in Dallas county was admitted. The only evidence offered by appellant to sustain its plea of privilege was on the issue of its plea of res judicata, and this consisted of a certified copy of the order of nonsuit on the petition filed by appellee in Grayson county, of the plea of privilege filed in Grayson county, and notice to appellee's counsel that such plea of privilege had been filed. In other words, if the order of March 13, 1934, entered by the district court of Grayson county, allowing appellice a voluntary nonsuit and dismissal of the suit filed in Grayson county, without prejudice, shows an adjudication of the issue of venue in favor of appellant, then the venue of the suit is fixed in Dallas county.

Appellant announces the following proposition, which states the only remaining question to be considered on this appeal: "Where a defendant sued in a county other than of its residence in timely manner interposes a duly verified and statutory plea of privilege, and the plaintiff in such suit without controverting the plea of privilege voluntarily takes a non-suit after the plea is filed, the venue of the cause of action is thereby fixed in the county in which the defendant contends the venue is properly laid. In other words, while the court has the power to permit the plaintiff to take a non-suit, the same effect is reached as if the plaintiff had controverted the plea of privilege and lost on the hearing thereof and a judgment had been rendered against plaintiff. Under such circumstances, the issue of venue becomes res adjudicata in a subsequent action between the same parties involving the same cause of action." To sustain this proposition, appellant cites the per curiam opinion of the Supreme Court in the case of First National Bank et al. v. Hannay, District Judge, et al., 123 Tex. 203, 67 S. W.(2d) 215, and the case of Humble Oil & Refining Co. et al. v. Pettaway (Tex. Civ.App.) 76 S.W.(2d) 1069, 1070. The latter case, by the Court of Civil Appeals at Texarkana, was rendered under a somewhat similar state of facts as that which exists in the case of First National Bank v. Hannay, supra, and, as the opinion is based entirely upon that case, we will confine this discussion to whether the rule of law announced in the Supreme Court case applies to the instant case. If the rule of law be applicable to this case, then it is binding on this court, and this judgment must be reversed and the venue of the suit changed to Dallas county. The rule of law in the reported case is thus stated: "Judgment of dismissal upon voluntary nonsuit by the plaintiff, after the filing of a plea of privilege and a controverting affidavit and before the court has announced his decision on the question of venue, is res adjudicata as to the venue of a subsequent suit on the same cause of action. A plaintiff, who, after filing his controverting affidavit, takes a nonsuit, thereby abandons his contest of the plea of privilege and in effect withdraws his controverting affidavit. Such action amounts to an admission that the plea of privilege is well taken."

In the reported case by the Supreme Court, the Humble Oil & Refining Company filed suit in a district court of Harris county against the First National Bank in Dallas et al. The defendants filed plea of privilege to be sued in Dallas county, the plaintiff filed a controverting affidavit, and a hearing was had on the issue thus made; the court taking the matter under advisement. Thereafter, the Humble Company filed an amended controverting affidavit, and, when the parties appeared for a hearing on that affidavit, and before the

490

court announced a decision or what the decision would be on the question ·of venue, the Humble Company stated, in open court, that it would take a nonsuit. Thereupon, the court, over the objections of defendants, entered an order of dismissal. A few days after the entry of such order, the Humble Company again filed suit against the same defendants in another district court of Harris county on the same cause of action.

The Supreme Court was given jurisdiction of the matter by a motion of the defendants, filed in that court, for leave to file a petition, praying for the issuance of a writ of mandamus, directing the district judge to set aside the order of dismissal in the first suit, and to proceed to judgment in accordance with the issues as made by the pleadings and evidence, on the theory that, after the issue is joined by the filing of a plea of privilege and a controverting affidavit, it does not lie within the power of the plaintiff to defeat that issue by moving a nonsuit.

Leave to file the petition for mandamus was denied, on the cited authorities of the Atlantic Oil Producing Co. v. W. T. Jackson, District Judge, et al., 116 Tex. 570, 296 S.W. 283, and H. H. Watson Co. v. Cobb Grain Co. (Tex.Com.App.) 292 S.W. 174. In its comment on the action in denying the motion for leave to file the petition for mandamus, the court announced the rule of law above quoted.

■ It will be noted that, in the reported case, the trial court had heard evidence on the issue made by the pleas of privilege and the controverting affidavits. The contested issue of venue was therefore ready for judgment on its merits, under the procedure prescribed for the trial of such an issue, by articles 2007 and 2008 of the Revised Statutes. The entry of a judgment on such issue was defeated only by the action of plaintiff in moving for a nonsuit. The opinion says that such action on the part of the plaintiff in that suit was an abandonment of the contest of the plea of privilege and amounted to a withdrawal of the· controverting affidavit. The necessary effect of the holding is that such abandonment and implied withdrawal amounted to an adjudication on the venue question. Such an adjudication of the venue issue must be implied, because of the terms of the above-cited statutes, for it is well-settled law in this state that, in order for any judgment to operate as ·res judicata,

such judgment must have been rendered on the merits of the controversy. See 26 Tex. Jur. p. 85, § 387; Freeman v. McAninch, 87 Tex. 132, 27 S.W. 97, 47 Am.St.Rep. 79, reversing 6 Tex.Civ.App. 644, 24 S.W. 922; Scherff v. Missouri Pac. Ry. Co., 81 Tex. 471, 17 S.W. 39, 26 Am.St.Rep. 828; Philipowski v. Spencer, 63 Tex. 604; Cook v. Burnley, 45 Tex. 97; Houston v. Musgrove, 35 Tex. 594; Hassell v. Nutt, 14 Tex. 260; Weathered v. Mays, 4 Tex. 387; Foster v. Wells, 4 Tex. 101.

Can there be such an implied adjudication under the facts of the instant case? The record shows that the Grayson county suit was instituted February 2, 1934, and was returnable March 12, 1934; that the plea of privilege was filed by appellant in the Grayson county suit on March 12, 1934; that on February 24, 1934, appellee instituted the identical suit in the district court of Collin county, and that such suit was pending in Collin county at the time the plea of privilege was filed in the Grayson county suit; that on March 13, 1934, one day after the filing of the plea of privilege, the order of dismissal above quoted was entered at the instance of appellee. When this order of dismissal was entered, there was no issue joined by appellee on the venue question, and no trial of such issue could have been had on such day, and no valid judgment on the issue of venue could have been rendered, and certainly none could have been implied from any provision of articles 2007 and 2008, R.C.S. The five days of statutory time for joining issue on appellant's plea of privilege, by the filing of a controverting affidavit, had four days yet to run. Within this five-day period, the court could not make any adjudication of the venue question, nor enter any valid judgment on such issue, unless appellee had waived such time by filing a controverting affidavit. There was in fact no adjudication of the question of venue, and none can be implied by the facts of this case.

■ Appellee had filed two suits on the same cause of action in different jurisdictions. She could not prosecute both suits, but must elect which suit she would prosecute. This election is commonly shown by causing to be entered in one of the suits the same character of order entered in the Grayson county suit. 1 Tex.Jur. § 69, p. 97, and the long list of authorities cited under note No. 9. The dismissal of the Grayson county suit was the exercise of the privilege of election, between the two suits filed. We, therefore, overrule the assign-

ment of error in respect to appellant's plea of res judicata.

All other assignments of error have been examined, with the result that we find no reversible error contained in any of them. It necessarily follows that, in our opinion, the judgment of the lower court should be affirmed, and it is so ordered

Affirmed.