**WILEY v. JOINER et al.**

No. 15061.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 16, 1949.

Rehearing Denied Oct. 14, 1949.

540

Pepper & Markward and Robert C. Pepper, all of Fort Worth, for appellant.

R. Temple Dickson, of Sweetwater, Scarborough, Yates, Scarborough & Black, and Edmund C. Yates, all of Abilene, for appellees.

SPEER, Justice. ·

This appeal involves a plea of privilege for change of venue. It differs in many respects from the usual plea of a personal privilege to be sued, if at all, in the county of one's domicile.

The record before us discloses that S. C. Joiner, for himself and as next friend for his then minor daughter, Frances Nell Joiner (they and V. E. Smart, the present husband of Frances Nell Joiner being appellees here), sued H. M. Wiley, appellant here, in the 67th District Court of Tarrant County for damages resulting to Mrs. S. C. Joiner and Frances Nell Joiner (now Mrs. V. E. Smart) from injuries sustained in an automobile collision because of alleged negligent acts of appellant in Tarrant County, Texas. Plaintiffs alleged that all parties were residents of Parker County, Texas. No plea of privilege was filed in that case by appellant; he employed counsel in Tarrant County to represent him in the case, filed an answer to the merits (but no cross-action) and the case was tried to a jury. The jury failed to agree upon a verdict and was discharged. Thereafter the plaintiffs in the Tarrant County suit moved the court for a nonsuit without prejudice. The motion was granted and all costs were taxed against movants; they did not pay all the accrued costs but approximately $68.00 are still unpaid.

Subsequent to the filing of the original suit Frances Nell Joiner was married to V. E. Smart. Since the order for nonsuit and dismissal of the original suit, the same plaintiffs, including the said V. E. Smart, filed a suit in the District Court of Parker County against appellant, covering the same subject matter alleged in the original suit, with what may have been slightly changed allegations. We do not have all the pleadings in the original suit but in the refiling no allegation was made as to the county in which the collision occurred. The petition in the Parker County case,

from which this appeal came, alleged appellant's residence to be in Parker County.

Appellant filed what he denominated a plea of privilege for change of venue back to the 67th District Court of Tarrant County. The plea of privilege for change of venue did not purport to follow or contain the requisite elements prescribed by Rule 86, Texas Rules of Civil Procedure. In the verified plea appellant alleged substantially that he was a resident of Parker County at all times involved here; that the facts out of which this suit grew happened in Tarrant County; that appellees selected the original forum in Tarrant County as the proper place of venue in said cause and having thus elected the place of venue as between the courts of Tarrant and Parker Counties, and appellant not having challenged the place of venue so selected by appellees, the matter of venue became res adjudicata as fixed in Tarrant County; also that the election made by appellees in choosing the Tarrant County court as the proper place of venue in this controversy was irrevocable and they were estopped to arbitrarily change the venue from Tarrant to Parker County by means of a nonsuit in the former Tarrant County court; that such arbitrary change by appellees was to the inconvenience and financial detriment of appellant. Prayer in the plea was that Parker County District Court take no further cognizance of the case than to order the same transferred to the 67th District Court of Tarrant County.

Appellees filed a controverting plea, duly verified, in which they asserted, substantially, that when the collision occurred and at all times subsequent thereto appellant was a resident of Parker County, Texas, where this suit was instituted and prayed that the plea of privilege be overruled. No exceptions were filed by appellees to the sufficiency of the plea of privilege. Appellant filed special exceptions to the controverting affidavit. All parties and the court treated the immediate controversy as being a plea of privilege for change of venue. The proceedings prescribed by Rule 87, T.R.C.P., were adhered to. The court heard a limited amount of testimony, in which Mrs. Joiner related the happening

of the accident, indicating negligence by appellant, and also concerning injuries sustained. Objections were made to the testimony and overruled by the court. Complaint is made of this ruling. The plea of privilege for venue was overruled and and defendant Wiley has appealed, assigning sixteen points of error as subdivided by him in his brief.

Before discussing the merits of this appeal, we deem it advisable to dispose of appellees' motion to dismiss the appeal. The motion to dismiss is predicated substantially upon the following grounds: (1) The order overruling the purported plea of privilege is an interlocutory one and not such as is made appealable by law. (2) This plea filed by appellant is in a purely personal action filed in the county of appellant's admitted domicile and the suit does not involve title to real estate or any other subdivision or exception to the venue statute. The pleading filed by appellant was not one seeking the privilege of being sued only in the county of his residence for he alleges that he resides in Parker County, the county in which the suit was last filed. The plea for venue claims the privilege of having the venue changed to the 67th District Court where it was originally filed for various and enumerated reasons, which we shall mention later, none of which are claimed to fall within any exception to venue under Article 1995, R.C.S., Vernon's Ann.Civ.St. art. 1995.

Such a plea as this which does not seek a change of venue or personal privilege for a defendant to be sued in the county of his domicile is, as sometimes designated by the courts, one of "mere venue" or "a privilege for venue," and challenges venue on grounds other than the statutory ground found in Article 1995. In such instances our courts have construed the interlocutory orders made thereon as being appealable. Shell Petroleum Corporation v. Grays, 122 Tex. 491, 62 S.W.2d 113; Pena v. Sling, 135 Tex. 200, 140 S.W. 2d 441, 128 A.L.R. 1223. On these authorities we overrule the motion to dismiss the appeal.

A careful consideration of this rather unusual appeal as presented by the record

forces us to the conclusion that the overruling of "the plea of privilege for venue" or the issue of mere venue or plea of venue, by whatever name called, was proper.

We shall not discuss seriatim the various points of assigned error but we have carefully studied each in the light of appellant's contentions.

Under Article 1995, R.C.S., no person may be sued in any county other than that of his domicile unless such action falls within one of the exceptions thereunder. Exception No. 9 to Article 1995 provides in effect that in cases like this the defendant may be sued either in the county where the "trespass" was committed or where he resides. Appellant was a resident of Parker County where this suit was last filed. His plea of venue, however, is based entirely upon theories other than the personal privilege of being sued in the county of his residence. His reasons for the theories advanced are: (1) When appellees chose to file the original suit in Tarrant County their acts were irrevocable and became an election of rights and remedies; (2) that such election and subsequent mistrial of the case and dismissal by appellees became res adjudicata as to the issue of venue; (3) appellees waived their right to institute suit on the same subject matter in Parker County by their said act of election; and (4) appellees were estopped and had no legal right to refile the suit in Parker County after the dismissal in Tarrant County, when to do so would work hurt or detriment to appellant.

▌ Referable to the contention of election, appellant invoked both election of rights and of remedies. These terms have often been used interchangeably but our courts make a distinction between them. In Seamans Oil Co. v. Guy, 114 Tex. 42, 262 S.W. 473, 474, we have a very informative discussion of this distinction. There it is said: "One is a choice between inconsistent substantive rights, while the other is a choice between forms of action or procedure." The cited case involved an original suit to cancel an oil lease for fraud and a dismissal of that suit and filing another seeking to recover delayed rentals theretofore paid by the lessee into a bank

for the lessor under the provisions of the contract. The principle of election was obviously involved.

In the two suits before us the second action was admittedly between the same parties and involved the identical subject matter and we fail to see how there was a "choice between inconsistent substantive rights" in the last filed case from that of the first.

▌ No election of remedies was involved when appellees originally filed this suit in Tarrant County, dismissed it and refiled it in Parker County. The statutes give them the right to file in either county. The dismissal in Tarrant County and refiling in Parker County was no more than a change in choice of courts, each having venue and jurisdiction in which to prosecute the case. Burford v. Sun Oil Co., Tex. Civ.App., 186 S.W.2d 306, writ refused, w. m.

▌ Appellant also contends that the question of venue was adjudicated to be in Tarrant County when appellees elected to sue them and appellant did not challenge the forum. The very fact that it was not challenged and no such issue was before the court is persuasive that the court did not adjudicate an issue not before him. The situation before us is unlike that treated in Tempelmeyer v. Blackburn, 141 Tex. 600, 175 S.W.2d 222. In the cited case, relied upon by appellant, the party claiming his privilege timely filed his plea and thereafter before the court held a hearing thereon the plaintiff took a nonsuit as to that defendant. In a subsequently filed suit in another county, the court held that the former proceeding amounted to a confession by plaintiff that the plea was good and that res adjudicata was applicable.

▌ In a case like the one before us, the appellees could at their option take a nonsuit as a matter of right. Rule 164, T.R.C.P.; Brooks v. O'Connor, 120 Tex. 121, 39 S.W.2d 22; Payne v. Nichols, Tex. Civ.App., 176 S.W.2d 961, writ ref. Nonsuit may be taken any time before judgment is rendered. Corder v. Corder, Tex.Civ. App., 189 S.W.2d 100, writ ref. The undisputed fact that a mistrial was had in

the Tarrant County case before a nonsuit was taken in no way affected appellees' right to dismiss their suit. In such a situation it was the same as if no trial had taken place. 27 Words and Phrases, Perm. Ed., page 397.

██ Appellant points out that the Parker County case was filed at a time when appellees had not paid all the costs adjudged against them under an order dismissing the original case. When the Parker County court acts upon the conditionally filed motion to rule appellees to pay or secure costs, they will necessarily have to pay or secure the unpaid costs before they can proceed with the newly filed case. Traweek v. Martin Brown Co., 74 Tex. 522, 12 S.W. 216. The order of dismissal was not conditioned that appellees would pay the accrued costs taxed against them. After dismissal by the court, the suit in Tarrant County no longer was pending.

██ If we are correct in holding that there was no election either of rights or remedies made by appellees and that there had been no adjudication of venue, then it must follow that appellees were not estopped by their act of filing the first suit and dismissing it and then filing one in the county of appellant's domicile.

By other points appellant complains because of the insufficiency of appellees' controverting affidavit and the court's refusal to sustain his special exceptions thereto as well also the court's failure to sustain his objections to the introduction of testimony thereunder.

Mrs. Joinder testified (over appellant's objection) about the collision, showing negligence upon the part of appellant and that personal injury followed. Appellant offered no testimony to the contrary.

There appears no conflict or dispute between the parties about the facts involved in this venue hearing.

Appellant insists upon the application of the settled rule that the statutory plea of privilege constitutes prima facie evidence of the right claimed when not controverted as provided by law; that since the controverting plea in the case does not deny the facts set out in the venue plea it amounts to no controverting plea at all and his venue plea should have been sustained. It must be borne in mind that the plea in this case is not the statutory one but seeks a change of venue on grounds other than those provided for in Articles 1995 and 2390 (the last article is applicable to Justice's Courts).

Appellant's venue plea merely challenged venue in Parker County for the reasons we have already pointed out. It alleges substantially that appellant was a resident of Parker County at the time the accident happened in Tarrant County which formed the basis for this suit, and that he is and has been such resident at all applicable times; that the suit was originally filed in Tarrant County and thereafter dismissed without prejudice and refiled in Parker County.

Exception 9 to Article 1995 provides that in such cases as this suit may be filed either in the county of defendant's residence or the county where the "trespass" took place.

██ The controverting affidavit alleged that defendant was at all pertinent times a resident of Parker County. This is one of the specific grounds provided by statute and the one relied upon by appellees to confer venue on the Parker County Court, where the suit was pending. We can perceive of nothing more the controverting affidavit could have denied that would have added strength to its validity. It is the universally accepted rule in this state that a party need not allege or prove facts pleaded and admitted by his adversary to establish his own legal rights. We think the controverting plea when taken in connection with the admissions in the venue plea was sufficient.

In reaching the above conclusion we are not unmindful of the holding in Jefferies v. Dunklin, C. J., 131 Tex. 289, 115 S.W.2d 391, 393, relied upon by appellant. The cited case was rather a complicated one in that many matters were involved. In that case a defendant filed a strictly statutory plea of privilege in a case in which plaintiff sought, among other things, to recover land situated in a county other than where

**544**

suit was brought. Neither the plea nor the controverting affidavit made any reference to the provisions of exception 14 to Article 1995. The court held the controverting affidavit ineffective and ordered the case transferred to the county in which the land was situated. As we construe the cited opinion, the principles there announced were based upon and limited by this language: "The plea of privilege (statutory) as defined and provided by article 2007, supra, (now rule 86, T.R.C.P.) is sufficient to cover all cases of personal privilege and all cases of mere venue, *as provided by the various provisions of articles 1995 and 2390 of our civil statutes.*" (Our emphasis.) It is clear that in the instant case the plea of venue was not the statutory one, nor was it one such "as provided by the various provisions of articles 1995 and 2390." Since the controverting affidavit in the instant case did in fact allege one of the statutory grounds, exception 9 to Article 1995, as a fact relied upon by plaintiffs to maintain venue in Parker County where suit was filed, the controverting affidavit was sufficient. For the reasons shown the instant and cited cases are distinguishable.

▉ Appellant alleged in his venue plea in effect that the dismissal of the case in Tarrant County and refiling in Parker County worked a detriment to him in additional expenses and labor preparing for another trial of the same case in Parker County over what he would have incurred if no dismissal and refiling had been had. It naturally follows that where a mistrial is had the litigant must expect additional labor and expense in preparing for another trial whether there has been a dismissal and refiling or not. The nonsuit by appellees was their unquestionable right. Such things are contingencies that may not be averted by opposing parties and must be endured even though additional labor and expenses are made necessary. For such inconvenience and expenses there is no remedy known to us.

We hold that the controverting affidavit in this case was sufficient to put in issue the venue question raised by the plea of venue filed by appellant and that no reversible error was committed in admitting testimony offered by plaintiff thereunder, all of which matters are embraced by appellant in various forms of assigned error.

We have not discussed each point of error separately because of the similarity of many of them. Appellant has presented them in his brief in groups, which was proper. We have discussed the matters thus raised and have concluded that all points of assigned error should be overruled and that the judgment of the trial court should be affirmed. It is so ordered.