**E. R. BYER et ux., Appellants,**

v.

**DALLAS POWER & LIGHT CO., Appellee.**

No. 15128.

Court of Civil Appeals of Texas.

Dallas.

May 18, 1956.

------◆------

Carrington, Gowan, Johnson, Bromberg & Leeds, and John L. Hauer, Dallas, for appellants.

W. Autry Norton, Jos. Irion Worsham, and Worsham, Forsythe & Riley, Dallas, for appellee.

DIXON, Chief Justice.

This is an appeal from an interlocutory order in a condemnation suit overruling a motion for change of venue based on appellant landowner's affidavit that too great prejudice exists in Dallas County to enable him to obtain a fair trial there. The condemnation suit is still pending in the County Court.

Appellee has filed a motion to dismiss the appeal on the ground that the order in question does not come within the class of interlocutory orders from which an appeal may be taken.

Appellants assert that the right to appeal from interlocutory orders concerning venue issues is not limited to plea of privilege cases, but extends to interlocutory orders overruling all pleas of venue. In support of this contention we are cited to Shell Petroleum Corp. v. Grays, Tex.Com. App., 122 Tex. 491, 62 S.W.2d 113, and Wiley v. Joiner, Tex.Civ.App., 223 S.W.2d 539, no writ history.

In our opinion the cited cases do not support appellants' contention. They are both cases dealing with true pleas of privilege asserting a right to trial in a particular county. They are both cases in which pleas of privilege and controverting affidavits were filed.

The Shell Petroleum case was a suit to recover land and for damages to land lying in Gregg County. The court held the plea of privilege was good under Art. 1995, subd. 14, V.A.C.S., which expressly provides that such suits must be brought in the county in which the land may lie. Plaintiffs had taken the position that under Arts. 2007 and 2008, V.A.C.S., "it is only where the appeal is from an interlocutory order overruling a personal plea of privilege *'to be sued in the county of one's residence'* that an appeal is provided for"—that an appeal does not lie from an order overruling a plea of venue coming under one of the provisions of Art. 1995, V.A.C.S. The Supreme Court adopted the opinion of the Commission of Appeals holding adversely to plaintiffs' contention.

In Wiley v. Joiner, supra, the defendant filed a pleading which did not meet the requirements of Rule 86, Texas Rules of Civil Procedure, but which was denominated by defendant as a plea of privilege and was treated by the parties and the court as a plea of privilege. The proceedings prescribed by Rule 87, T.R.C.P., were adhered to. The case involved a question as to the interpretation and application of Art. 1995, subd. 9. The court's order overruling the plea of privilege was held to be appealable, and we think properly so.

This case presents an entirely different situation. Here appellant seeks to invoke Rule 257, T.R.C.P. No plea of privilege or controverting affidavit has been filed. Indeed, there could be no occasion for filing such pleas for the land in dispute lies in Dallas County, the appellants reside in Dallas County, and appellee has its principal office and domicile in Dallas County. Therefore statutory venue is properly laid in Dallas County under Art. 3264, subd. 1, V.A.C.S.

When a change of venue is granted because of prejudice against one or the other of the parties to a suit, there is no particular county singled out by statute or rule

to which the successful party is entitled as a matter of law to have the case transferred. He does not have any such privilege under our law. The judge may transfer the cause to any adjoining county unless the parties by agreement select a county. Rule 259, T.R.C.P.

The general rule that appeals may be taken only from final judgment is too well established to need any citation of authorities. There are a few well known exceptions in which it is expressly provided by statute that appeals may be taken from interlocutory orders. In our opinion this interlocutory order does not come within any of those exceptions. We think that appellee's motion to dismiss must be sustained.

The appeal is dismissed.