**Waymon G. PEAVY et al., Appellants,**

v.

**Travis WARD, Appellee.**

**No. 7402.**

Court of Civil Appeals of Texas.

Texarkana.

Jan. 9, 1962.

Rehearing Denied Jan. 23, 1962.

Strasburger, Price, Kelton, Miller & Martin, Dallas, for appellants.

Moore & Holland, Athens, Dawson & Dawson, Corsicana, Spruiell, Lowry, Potter, Lasater & Guinn, Wilson, Miller, Spivey & Steger, Tyler, for appellee.

DAVIS, Justice.

This is a venue case. Travis Ward, plaintiff-appellee, sued Fairway Oil and Gas Co., Inc., Thomas W. Clay and John E. Protho, (officers of Fairway), Wayne G. Peavy, Greenbrier 60 Limited, and Greenbrier 61 Limited, limited partnerships in which Peavy is a general partner, defendants in the District Court of Anderson County, for the cancellation of a certain undivided one-sixteenth interest in an oil, gas and mineral leasehold situated in Anderson and Henderson Counties. The defendants filed pleas of privilege. Fairway wanted the case moved to Smith County. Peavy and Greenbrier 60 and Greenbrier 61 wanted the case moved to Dallas County. The plea of privilege to be sued in Dallas County was filed on June 19, 1961. The plea of privilege by Fairway was filed on June 20, 1961. Before time to controvert the pleas of privilege, the plaintiff, on June 28, 1961, took a non-suit.

The plaintiff then filed the same suit against the defendants in the District Court of Smith County. Fairway filed an answer. The defendants-appellants, Peavy and Greenbrier 60 and Greenbrier 61, filed a joint plea of privilege to be sued in the District Court of Dallas County. The appellants take the position that the question of venue had been determined by reason of the appellee taking a nonsuit in the Anderson County case while the pleas of privilege were pending. The trial court overruled the plea of privilege of the appellants and they have appealed.

The appellants bring forward one point of error. It reads as follows:

"The trial court erred in overruling Appellants' plea of privilege, which was valid as a matter of law

because of Appellee's previous voluntary dismissal of his suit upon the same cause of action in Anderson County at a time when Appellants had pending a plea of privilege asserting their right to be sued in Dallas County."

The case is to be decided upon a question of law. The facts in the case were stipulated before the trial court. The attorney for the appellant in the trial court, in connection with the stipulation, made the following statement:

"In other words, Your Honor, the net effect of our stipulation is that as far as the facts go, Mr. Dawson would be able to establish prima facie case as to—as pleaded, and the point that we are reaising here is that assuming there would otherwise be venue in this County, our position is based on the legal effect of the proceedings in Anderson County. And that is what we want to go into here."

It is admitted in their briefs, and was admitted on oral argument, that if the pleas of privilege had been contested in Anderson County, the Judge in that county could have sustained the pleas of privilege and sent the case against *all* the defendants to either Smith or Dallas County. Appellants take the position that the appellee, by taking a nonsuit in Anderson County thereby waived his right to sue them jointly in Smith County. Appellants rely upon the following cases: Roach v. Trinity Universal Ins. Co., Tex.Civ.App., 119 S.W. 2d 127; Morse v. Scott, Tex.Civ.App., 130 S.W.2d 1041; Clifton v. Price, Tex.Civ. App., 88 S.W.2d 783; First Nat. Bank in Dallas v. Hannay, 123 Tex. 203, 67 S.W.2d 215; Robinson Truck Lines v. Kerksey, Tex. Civ.App., 219 S.W.2d 844; H. H. Watson Co. v. Cobb Grain Company, Tex.Com.App., 292 S.W. 174; Humble Oil and Refining Co. et al. v. Pettaway, Tex.Civ.App., 76 S.W.2d 1069; Royal Petroleum Corporation et al. v. McCallum, Judge et al., 134 Tex. 543, 135 S.W.2d 958; Picadilly Cafeteria of Waco,

Inc. v. Lee, Tex.Civ.App., 301 S.W.2d 228; Tempelmeyer v. Blackburn, 141 Tex. 600, 175 S.W.2d 222; Johnson v. First National Bank of Brenham, Tex.Civ.App., 42 S.W. 2d 870; Tunstill v. Scott, 138 Tex. 425, 160 S.W.2d 65; International Harvester Company et al. v. Stedman, 159 Tex. 593, 324 S.W.2d 543; Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900; Miller v. Matthews, Tex.Civ.App., 176 S.W.2d 1011; Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774; Rogers v. Fort Worth Poultry & Egg Company, Tex.Civ.App., 185 S.W. 2d 165; Fair et al. v. Mayfield Field & Grain Co., Tex.Civ.App., 203 S.W.2d 801; Kennell v. Knox, Tex.Civ.App., 221 S.W. 2d 1020; Leavell v. Lincoln County Mut. Fire Ins. Co., Tex.Civ.App., 243 S.W.2d 223; City of Gilmer v. State of Texas ex rel. Southwestern Gas & Elec. Co., Tex. Civ.App., 281 S.W.2d 109; Clingingsmith v. Bond, 150 Tex. 419, 241 S.W.2d 616; Cockburn Oil Corp. v. Newman, Tex.Civ. App., 244 S.W.2d 845; York Supply Company v. Dunigan Tool & Supply Co., Tex. Civ.App., 276 S.W.2d 317.

It appears that the appellants are proper parties to the cause of action, and are necessary parties to the cancellation allegations. Montgomery v. Owen, Tex.Civ. App., 37 S.W.2d 1107, and Peoples' Nat. Bank of Tyler v. Montgomery, Tex.Civ. App., 37 S.W.2d 1111, n. w. h. Cases holding that co-defendants claiming an interest in property under instruments executed to defendants subsequent to the instrument on which the plaintiff sued are necessary parties are: Smith et al. v. Dozier Const. Co., Tex.Civ.App., 66 S.W.2d 744; Pioneer Building & Loan Ass'n v. Gray, 132 Tex. 509, 125 S.W.2d 284; Campbell v. McFadden, 9 Tex.Civ.App. 379, 31 S.W. 436, err. ref.; Clingingsmith v. Bond, 150 Tex. 419, 241 S.W.2d 616; Langley v. Norris, 141 Tex. 405, 173 S.W.2d 454.

According to 1 McDonald, Tex.Civ.Practice, Sec. 4.57 at p. 465, the cause charging a joint action growing out of joint liability, it seems that the plaintiff has the right to select the county to which he should be transferred. There, McDonald said:

"The courts have indicated that the action, if involving a claim which could have been litigated at the residence of the defendants against both of them under exception 4, *the cause should be transferred as a whole to the domicile of either to be selected by the plaintiff*." (Emphasis added.)

The following cases hold that the plaintiff has the right to choose the county to which a case should be transferred where pleas of privilege are contested: Burgess v. Adams, Tex.Civ.App., 273 S.W. 343, n. w. h.; Sherrod v. Rudd Mfg. Co. et al., Tex.Civ.App., 158 S.W.2d 351, n. w. h. See, also, 43–B Tex.Jur. 451–452, Sec. 179.

■ As pointed out in 1 McDonald, Texas Civil Practice, Sec. 4.62, at p. 471 the order of dismissal in Anderson County is not res judicata. And, McDonald says:

"* * * (c) Where the plea was controverted, a venue hearing commenced, and before the court ruled plaintiff took a nonsuit.

"(d) Where the plea was controverted, but plaintiff took a nonsuit before the venue hearing commenced.

"(e) Where the plea was not controverted, and plaintiff took a nonsuit after the time for controverting it expired.

"(f) Where the plea was not controverted, and plaintiff took a nonsuit before the time for controverting it expired.

"Strictly speaking, in situations (c) to (f), inclusive, *it is hardly accurate to speak in terms of 'res judicata.'* Normally, the doctrine of res judicata applies only when *there has been a final judgment upon the merits of the matter concluded. The rules here stated are grounded not upon a true application of that doctrine, but rather*

*upon a principle of policy:* the defendant should not be subjected to the repeated expense of presenting his venue claim in successive actions by a plaintiff who, through the abuse of his privilege of taking a nonsuit, prevents a final adjudication upon the question. In the sixth situation, it is particularly anomalous to refer to the matter as res judicata, since it makes the act of dismissal equivalent to a judgment upon the merits of the venue issue, despite the fact that the nonsuit is taken at a time when no judgment upon the merits of such issue could, over the *plaintiff's* objection, be rendered." (Emphasis added).

In this quotation, we find cited the case of Curtis Pub. Co. v. Mitchell, Tex.Civ.App., 92 S.W.2d 488, n. w. h., which is direct in point. In that case, Mary Mitchell, a feme sole, filed suit in Grayson County against Curtis Publishing Company and other defendants. A plea of privilege was filed by Curtis Publishing Company on May 13, 1934, alleging Dallas County to be the place of its residence. The day following, Mary Mitchell took a nonsuit. She had previously filed the same suit in Collin County. Curtis Publishing Company took the position that the filing of its plea of privilege entitled it to be sued in Dallas County, the county of its alleged residence. The court in that case held that the suit was properly brought in Collin County.

Appellant takes the position that the appellee, regardless of whether the appellees are necessary parties to the suit or not, has disposed of the case as though a final judgment was rendered against them. We do not believe such to be the law on the question of venue. Where there are necessary parties to a suit and the court sustains a plea of privilege, the court must transfer the suit as to all parties to the same county.

In another instance, where an effort was made to expand the scope of the rule is found in a later case of Wiley v. Joiner, Tex.Civ.App., 223 S.W.2d 539, n. w. h. In this case, the plaintiff filed his suit in the county where the accident occurred. Upon trial of the case, the jury apparently could not agree upon the verdict, and the plaintiff took a nonsuit. He later filed the case in the county of the domicile of the defendant. The defendant filed a plea of privilege contending that the first action had committed the plaintiff to litigate in the county in which it had first been filed. He took the position that the case should be transferred thereto. The court properly held that the plaintiff was not estopped after taking the nonsuit from bringing a new action at the defendant's domicile.

The point of error is overruled, and the judgment of the trial court is affirmed.