WOLNITZEK et al. v. LEWIS. (No. 7052.)*

(Court of Civil Appeals of Texas. Galveston. Feb. 10, 1916. Rehearing Denied March 2, 1916.)

1. VENUE ⬥⇒72—CHANGE OF VENUE—BURDEN OF PROOF.

Vernon's Sayles' Ann. Civ. St. 1914, art. 1913, provides, as to applications for a change of venue on the ground that there is a combination against the moving party instigated by influential persons by reason of which he cannot expect a fair and impartial trial, that the application shall be granted unless the credibility of the persons making it or their means of knowledge or the truth of the facts set out in the application are attacked by the affidavit, when the issue shall be tried by the judge and the application granted or refused as the law and the facts shall warrant. *Held,* that where, on an application on the ground stated, an affidavit was filed denying the facts stated in the motion and attacking the means of knowledge of the persons who verified the motion by their supporting affidavits, the burden was upon the moving parties to prove the facts upon which the motion was based.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 127; Dec. Dig. ⬥⇒72.]

2. TRIAL ⬥⇒25—RIGHT TO OPEN AND CLOSE—ADMISSIONS.

Rule 31 for district and county courts (142 S. W. xx), provides that plaintiff shall have the right to open and conclude, unless the burden of proof rests upon defendant or unless defend-

---

ant shall before trial admit that plaintiff has a good cause of action except so far as it may be defeated by the facts of the answer constituting a good defense. In a proceeding to probate a will, contestants alleged that it was obtained by undue influence and had been revoked, and also offered for probate a later will, which the proponent of the first will attacked for want of testamentary capacity. The contestants filed an admission that the proponent had a good cause of action except as it might be defeated in whole or in part by the facts pleaded by them constituting a good defense, and moved for the right to open and close. *Held*, that the motion was properly denied, since defendants must admit every fact alleged in the petition which it is necessary for plaintiff to establish in the first instance to entitle him to recover, and, while defendants' admission was in the exact language of the rule, it was manifest that they did not intend to admit that the will offered by the proponent was the last or unrevoked will of the testator, which would have left them no ground for contest except that of undue influence, as to which there was no evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 44–75; Dec. Dig. ⬚⟶25.]

**3. APPEAL AND ERROR ⬚⟶742—BRIEFS—ASSIGNMENT OF ERRORS—STATEMENT.**

An assignment of error, not followed by a statement from the record as required by the rules, was not entitled to consideration.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ⬚⟶742.]

**4. WITNESSES ⬚⟶78 — COMPETENCY — EVIDENCE.**

There was no error in permitting a judgment of conviction for forgery to be offered in evidence to prevent a witness from testifying, where, upon presentation to the court of a pardon, the witness was permitted to testify and neither the judgment nor the pardon was read to the jury.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 195–200; Dec. Dig. ⬚⟶78.]

**5. JUDGES ⬚⟶45—DISQUALIFICATION—RELATIONSHIP TO PARTY OR PERSON INTERESTED.**

A judge was not disqualified to preside at the trial of a proceeding to have a person adjudged of unsound mind, where, though the proceeding was instigated by his father-in-law, it was not conducted in the father-in-law's name unless the father-in-law had a direct pecuniary interest in the result of the trial.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 208–212; Dec. Dig. ⬚⟶45.]

**6. JUDGES ⬚⟶45—DISQUALIFICATION—RELATIONSHIP TO PARTY OR PERSON INTERESTED.**

A proceeding to have W. adjudged a person of unsound mind was instigated by L., but not conducted in his name. L. was named as independent executor in a will previously executed by W., and thereby was allowed a large compensation for performing the duties of executor. Several attempts had been made by interested parties to induce W. to make a new will. *Held*, that L.'s pecuniary interest in the result of the trial was too indirect, contingent, and uncertain to disqualify his son-in-law from presiding at the trial of such proceeding.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 208–212; Dec. Dig. ⬚⟶45.]

**7. APPEAL AND ERROR ⬚⟶1051 — HARMLESS ERROR—ADMISSION OF EVIDENCE.**

The admission of hearsay evidence was harmless, where, in view of the great mass of testimony upon the same issue, it was not probable that it influenced the jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. ⬚⟶1051.]

**8. APPEAL AND ERROR ⬚⟶742—ASSIGNMENTS OF ERROR—STATEMENTS.**

Assignments of error complaining of the admission of a paper or letter in evidence were insufficient, where there was no statement showing what the paper or letter contained.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ⬚⟶742.]

**9. APPEAL AND ERROR ⬚⟶1170—BURDEN OF SHOWING PREJUDICE FROM ERROR.**

Appellate courts are not authorized to reverse for immaterial errors, and an assignment not pointing out an error which probably caused injury cannot be sustained.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. ⬚⟶1170.]

**10. TRIAL ⬚⟶296—INSTRUCTIONS.**

In a proceeding in which two wills were propounded for probate, one of which was executed after the testator had been adjudged a person of unsound mind, where the court charged that the jury should determine from the preponderance of the evidence whether the testator at the time he executed such will was of unsound mind or of testamentary capacity and correctly instructed them as to the mental capacity required to make a valid will, the failure of the court to define the term "lucid interval" was not error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. ⬚⟶296.]

**11. TRIAL ⬚⟶251—INSTRUCTIONS—CONFORMITY TO ISSUES.**

In a proceeding to probate a will, the refusal of an instruction as to the mental capacity of the testator at the time another will, not offered for probate and the validity of which was not in issue, was executed, was not error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. ⬚⟶251.]

**12. WILLS ⬚⟶330—PROBATE PROCEEDINGS—INSTRUCTIONS—MENTAL CAPACITY.**

In a proceeding to probate a will, an instruction that ordinarily less capacity was required to enable a testator to make a will than for the same person to make a contract or to engage in intricate and complex business matters, but whether the testator had sufficient capacity to make a will was a question of fact for the jury, was not erroneous as requiring a higher degree of mental capacity than is required by law.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 779–781; Dec. Dig. ⬚⟶330.]

**13. APPEAL AND ERROR ⬚⟶742—ASSIGNMENTS OF ERROR—STATEMENT.**

An assignment of error, complaining of the refusal of a special charge not set out in the statement following the assignment, will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ⬚⟶742.]

**14. APPEAL AND ERROR ⬚⟶1060 — HARMLESS ERROR—ARGUMENT OF COUNSEL.**

Even though an attorney used improper language in his address to the jury, it was not ground for reversing the judgment, where it was not of such a character as to probably affect the verdict.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4135; Dec. Dig. ⬚⟶1060.]

Appeal from District Court, Austin County; Frank S. Roberts, Judge.

Proceeding by J. B. Lewis to probate a will contested by Oscar Wolnitzek and others, who offered a different will for probate.

---

From a judgment probating the will offered by Lewis, the contestants appeal. Affirmed.

See, also, 162 S. W. 963.

Atkinson & Atkinson, of Houston, Johnson, Matthaei & Thompson, of Bellville, and Hannay & Hannay, of Hempstead, for appellants. Mathis & Teague, of Brenham, and Lane, Wolters & Storey, of Houston, for appellee.

PLEASANTS, C. J. This appeal is from a judgment of the district court of Austin county admitting to probate the joint will of Paul and Franciska Wolnitzek, deceased, executed on April 6, 1903. The will was offered for probate by appellee, J. B. Lewis, the executor therein named, in the county court of Austin county on January 4, 1912. On February 5, 1912, the appellants, Oscar Wolnitzek and Alma Wolnitzek, offered for probate a will of said Paul Wolnitzek executed on July 7, 1910, and contested the probate of the will offered by appellee, on the ground that it was obtained by undue influence and had been revoked by the testator. In answer to the application of appellants to probate the will of July 7, 1910, appellee pleaded that the deceased, Paul Wolnitzek, was of unsound mind at the time and for two years or more before the date of the execution of the will offered for probate by contestants, and was on January 21, 1910, adjudged a person of unsound mind by the county court of Austin county upon the verdict of a jury in said court on a trial upon a complaint duly filed charging him with lunacy, and appellee was appointed guardian of his person and estate. Appellee further resisted the probate of the will offered by contestants on the ground that the will of April 6, 1903, being a joint will executed by agreement between said Paul and Franciska Wolnitzek, and the said Paul having retained possession of the joint property after the death of Franciska, could not revoke or change the terms of said joint will. He denied the allegations of appellants that the will offered was obtained by undue influence. The pleadings in the county court are somewhat voluminous, but the foregoing statement is believed to be the substance of the material issues presented. The trial in said court resulted in a judgment probating the will offered by appellee. Upon appeal to the district court and a trial by jury, a like judgment was rendered. There was no material change in the pleadings after the cause reached the district court. The special issues submitted to the jury and their findings thereon are as follows:

"Question No. 1. Do you find from the evidence that Paul and Franciska Wolnitzek executed the will bearing date April 6, 1903, and offered for probate by petitioner J. B. Lewis? You will answer this question, 'Yes,' or, 'No.'

"We, the jury, answer question No. 1, 'Yes.'

"Question No. 2. If you have answered the foregoing question, 'Yes,' then did Paul and Franciska Wolnitzek, in executing the will aforesaid, do so under an agreement to devise their property as set out in said will? If you find that they did make such agreement, then you will answer this question, 'Yes.' If you find they did not make such agreement, you will answer, 'No.'

"We, the jury, answer question No. 2, 'Yes.'

"(a) If you have answered the foregoing question No. 2, 'Yes,' then you will answer this question: At the time of the execution of said joint will by Paul and Franciska Wolnitzek, were they 'unduly influenced,' as that term is above defined, by J. B. Lewis and C. G. Kreuger, or either of them, to make such agreement to devise their property as set out in said will? You will answer this question, 'Yes,' or, 'No.'

"We, the jury, answer question No. 2a, 'No.'

"Question No. 3. Did Paul Wolnitzek execute the will bearing date July 7, 1910? You will answer this question, 'Yes,' or, 'No.'

"We, the jury, answer question No. 3, 'Yes.'

"Question No. 4. If you have answered the foregoing question, 'Yes,' then you will answer the following: At the time of the execution of said will, did said Paul Wolnitzek have sufficient mental capacity to know and to understand the nature of the transaction and to execute said will dated July 7, 1910? You will answer this question, 'Yes,' or, 'No.'

"We, the jury, answer question No. 4, 'No.'"

[1] Appellants' first assignment of error complains of the ruling of the court refusing their motion for a change of venue, on the ground that there was such a combination of influential persons in Austin county against them that they could not expect a fair and impartial trial in said county.

The motion was verified as required by the statute. Appellee filed an affidavit denying the facts stated in the motion and attacking the means of knowledge of the persons who verified the motion by their supporting affidavits. Upon the issue thus made, the burden was upon appellants to prove the facts upon which the motion was based. Vernon's Sayles' Civil Statutes, art. 1913; Railway Co. v. Bernard, 57 S. W. 686; Trimble v. Burroughs, 95 S. W. 614.

[2] We hardly think that the evidence upon this issue would have authorized the trial court to grant the motion; it certainly was not of such probative force as to compel a change of venue, and the judgment of the court refusing the motion cannot be disturbed. Freeman v. Cleary, 136 S. W. 521.

The second assignment of error complains of the refusal of the court to grant appellants' motion to permit them to open and close the case in introducing the evidence and in the argument to the jury. This motion, which was made under rule 31 for district and county courts, alleges that:

Appellants "admit that plaintiff J. B. Lewis has a good cause of action as set forth in his petition, except so far as it may be defeated in whole or in part by the facts of the answer or pleadings of these contestants constituting a good defense which may be established on the trial."

Rule 31 (142 S. W. xx) is as follows:

"The plaintiff shall have the right to open and conclude, both in adducing his evidence and in the argument, unless the burden of proof of the whole case under the pleadings rests upon the defendant, or unless the defendant, or all of the defendants, if there should be more than one, shall, after the issues of fact are settled and before the trial commences, admit that the

plaintiff has a good cause of action as set forth in the petition, except so far as it may be defeated, in whole or in part, by the facts of the answer constituting a good defense, which may be established on the trial; which admission shall be entered of record, when the defendant, or the defendants, if more than one, shall have the right to open and conclude in adducing the evidence and in the argument of the cause."

The admission in appellants' motion is in the exact language of the rule, which, as said by our Supreme Court in the case of Smith v. Bank, 74 Tex. 545, 12 S. W. 222, "must be construed to mean that the defendant admits every fact alleged in the petition which it is necessary for the plaintiff to establish in the first instance to enable him to recover." We think it manifest that appellants did not intend to make any such admission. One of the facts alleged by appellee, and which he was required to prove in order to obtain the probate of the will offered by him, was that said will was the last or unrevoked will of the testator. If appellants admitted this to be true, they could not thereafter deny that fact, nor be heard to allege and prove that the testator made a subsequent will revoking the will offered by appellee. Appellants could not under rule 31 claim the right to open and close the case without admitting all the facts necessary to be proven by appellee to obtain the probate of the will offered by him, and, as we have before said, they did not make such admission because their admission of the appellee's cause of action was conditional upon appellants' failure to defeat it by the facts alleged in their answer, and the answer avers that the testator made a will subsequent to the one offered by appellee, which amounts to a denial of the fact that the will offered by appellee was the last will of the testator. We think it clear that an admission of this kind did not entitle the appellants to open and close the case. Meade v. Logan, 110 S. W. 189.

It would be unfair to appellants to hold that they intended to admit in their motion that the will offered by appellee had not been revoked by the testator, because, if they made such admission, the only ground of contest left for them is that the will offered by appellee was obtained by undue influence, and the evidence does not raise this issue.

[3, 4] There is no merit in assignment No. 3, which complains of the ruling of the court permitting the appellee to offer in evidence a judgment convicting Thomas Wolnitzek, a witness for appellants, of forgery. This assignment is not entitled to consideration because it is not followed by a statement from the record as required by the rules. It appears, however, from the qualification made by the trial judge to the bill of exceptions referred to in the assignment that:

"The judgment of conviction was offered the court to prevent the witness from testifying. The court was about to hold the witness incompetent, when contestants offered a pardon, by the Governor, of the witness. The court then held him competent to testify, and neither judgment nor pardon were read to the jury."

The presentation of the judgment to the court for the purpose stated was clearly permissible, and, if the assignment was entitled to consideration, it could not be sustained.

The testimony, the exclusion of which is complained of by the fourth assignment of error, if at all material and relevant could not possibly have affected the verdict of the jury. There is no sufficient statement under the assignment to entitle it to consideration; but if it had been followed by a proper statement, for the reasons indicated, it could not be sustained.

[5, 6] The fifth assignment of error complains of the ruling of the court admitting in evidence the judgment of the county court of Austin county adjudging the testator, Paul Wolnitzek, a person of unsound mind. The objection to the admission in evidence of this judgment was that it was void because the county judge who tried the lunacy case in which the judgment was rendered was the son-in-law of appellee J. B. Lewis, who made the complaint charging said Paul Wolnitzek with lunacy.

There is nothing in the statement following the assignment which shows that appellee Lewis had any pecuniary interest in the determination of the question of whether or not Paul Wolnitzek was a lunatic at the time he made this complaint and the trial was had thereon. While he instigated the proceedings, they were not conducted in his name, and in order to disqualify the judge, who was his son-in-law, from presiding at the trial, it must appear that he had a direct pecuniary interest in the result of the trial. This does not appear from the statement under the assignment. If we go to appellants' argument and supplement the statement with all the facts bearing upon the question which the record contains, the only pecuniary interest appellee could have had in the result of the lunacy proceedings arose from the fact that he was the independent executor named in the will executed by Wolnitzek in 1903, and by the terms of said will was allowed a large compensation for performing the duties of executor. It was shown that several attempts had been made by interested parties to induce Wolnitzek to make a new will, and if he should be adjudged a lunatic the validity of any will he might thereafter make would probably be invalid and would make more secure appellee's prospects of receiving the compensation allowed him in the then existing will. We are of opinion that, if the statement under the assignment had contained all of the facts above stated, it could not be held that such a pecuniary interest in the lunacy proceedings was shown in appellee as to disqualify his son-in-law from presiding at the trial of the case. The pecuniary interest of appellee in the result of the trial was so indirect, contingent, and uncertain that it did not disqualify the judge.

The sixth assignment of error is without merit and is overruled without discussion.

[7] If the testimony complained of by the seventh assignment of error was inadmissible because hearsay, in view of the great mass of testimony upon the same issue it is not probable that the admission of the statements objected to could have influenced the jury, and its admission, if error, was harmless.

[8, 9] The eighth and ninth assignments are insufficient, in that there is no statement showing what the paper or letter objected to contained, and, in the absence of such statement, we cannot say whether the admission of the letter or paper in evidence could have injured the appellants. Appellate courts are not authorized to reverse a case for immaterial errors, and an assignment which does not point out an error which probably caused injury to the appellant cannot be sustained.

The tenth assignment is without merit and is overruled without discussion.

The eleventh assignment of error is not entitled to consideration because not followed by any statement from the record. The assignment complains of a charge given by the court, and we are not informed, except by the statement in the assignment, what the charge contained. It has been so often held that an assignment which is not followed by a statement from the record, as required by rule 31 for Courts of Civil Appeals, is not entitled to consideration, that a citation of authorities is unnecessary.

[10] The court did not err in refusing to give the charge requested by appellants defining the term "lucid interval." The charge given the jury instructed them that they should determine from the preponderance of the evidence whether the deceased, Paul Wolnitzek, at the time he executed the will offered by appellants, was of unsound mind and testamentary capacity, and correctly instructed them as to the mental capacity required to make a valid will. With these instructions before them, it was entirely unnecessary for the court to give a charge defining the term "lucid interval," and the twelfth assignment, which complains of the refusal of the court to give such charge, must be overruled.

[11] The refusal to give the requested charge mentioned in the thirteenth assignment was not error. The will mentioned in said charge was not offered for probate, and its validity was not an issue in the case. If it was material to any issue in this case to submit to the jury the question of Paul Wolnitzek's mental capacity at the time said alleged will was executed, such materiality is not shown by the statement submitted under the assignment.

[12] There is no merit in the fourteenth assignment of error. The charge given by the court is not subject to the objection made in this assignment that, in instructing the jury as to the capacity necessary to enable one to make a valid will, it required a higher degree of mental capacity than is required by law. The charge complained of is as follows:

"Ordinarily, less capacity is required to enable a testator to make a will than for the same person to make a contract or to engage in intricate and complex business matters, but whether the testator in this case, P. P. Wolnitzek, had sufficient capacity to make the will prepared by Father Skocek, is a question of fact for the jury."

This charge is certainly not subject to the objection above stated.

The charge requested by appellants upon the question of undue influence was properly refused for two reasons: First, because the issue of undue influence was not raised by the evidence; and, second, because if the issue had been raised the requested charge was inaccurate in its statement of the law applicable to such issue. The fifteenth assignment, which complains of the refusal of the court to give the charge above referred to, is overruled.

[13] The special charge, the refusal of which is complained of by the sixteenth assignment, is not set out in the statement following the assignment, and for this reason we are not called upon to pass on the assignment. We are of opinion, however, that the letters set out in the statement under the assignment, and which appellants claim were sufficient to show a revocation of the will by Franciska Wolnitzek, do not raise that issue.

[14] The seventeenth assignment, which complains of language used by attorney for appellee in his address to the jury, cannot be sustained. If it be conceded that the language was improper, it was not of such character as had any probable effect upon the verdict of the jury, and therefore its use is not sufficient ground for reversing the judgment.

The verdict of the jury is amply sustained by the evidence, and the eighteenth assignment, which assails the verdict on the ground that it is against the preponderance of the evidence, cannot be sustained.

We are of opinion that the record discloses no error which would authorize a reversal of the judgment, and that it must be affirmed.

Affirmed.