# CITY OF IRVING

v.

# William H. LUTTRELL et al.

No. 7132.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 4, 1961.

McCulloch, Ray, Rembert, Luna & Trotti, Dallas, for appellant.

Lefkowitz, Green, Ginsberg & Eades, Dallas, for appellees.

DENTON, Chief Justice.

This suit was instituted by appellant, City of Irving, and is in the nature of a condemnation suit. The city is seeking to condemn a strip of land across appellees' property for a drainage and utility easement. It is undisputed that appellees' property is located in Dallas County. This appeal is from an order sustaining appellees' motion for a change of venue based on their affidavit that too great prejudice existed in Dallas County to enable them to obtain a fair trial there, and that a combination against them instigated by influential persons existed in Dallas County. The order sustaining this motion transferred the case to Rockwall County, an adjoining county.

■ Appellees have filed a motion to dismiss this appeal on the ground that the trial court's order sustaining the motion is not such an interlocutory order from which an appeal is allowed by law. Appellees' application for change of venue was made under the provisions of Rule 257, Vernon's Ann.Texas Rules. In support of this motion appellees cite and rely on Byer v. Dallas Power & Light Co., Tex.Civ.App., 290 S.W.2d 948 (no writ history). That case involved the identical procedural question as presented here, however the trial court in the Byer case overruled the application to change venue. Such a distinction is very material and in our opinion this distinction renders the rule in the Byer case inapplicable in the instant case.

Venue was properly laid in Dallas County under Article 3264, Subdivision 1, Vernon's Ann.Civ.St., unless Rules 257–261 V.A.T.R. were properly pleaded and applied. The trial court's order in sustaining this application is appealable, as the trial court's discretion in taking such action is subject to review. In addition, under the circumstances here we see no distinction in sustaining a motion for change of venue under Rule 257 and sustaining a plea of privilege. Rule 385 V.A.T.R. specifically provides for an appeal from an order sustaining a plea of privilege. For the reasons stated appellees' motion to dismiss is overruled.

■ In considering this appeal, the question to be determined is whether or not the trial court erred in sustaining the application to change venue. This requires an examination of the affidavits provided for under Rules 257 and 258. Appellees' application for a change of venue was in proper form and supported by affidavits of three other credible persons as required by Rule 257. Rule 258 directs the trial court to grant such application unless it is attacked by the opposing party. Appellant timely filed an opposing affidavit. We are therefore called upon to determine the sufficiency of this opposing affidavit. Appellees contend the opposing affidavit made no attack upon the application. We are unable to agree. Appellant duly contested the application when it denied under oath the truth of the allegations therein. It stated: " * * * it is not true * * * " that appellees could not get a fair trial in Dallas County, and it further stated that of approximately one million residents in Dallas County, affiants knew many people in that county who did not know any of the parties, and it was unlikely any prospective juror in that county would be acquainted with the parties or the case. We think this constituted a sufficient attack to form an issue which must be tried by the trial judge as required by Rule 258.

■ Upon the issue being thus formed, the burden was upon the appellees to prove the facts upon which the motion for change of venue was based. Wolnitzek v. Lewis, Tex.Civ.App., 183 S.W. 819 (error refused); Bennett v. Jackson, Tex.Civ.App., 172 S.W.2d 395 (refused w. o. m.). Rule 258 provides: " * * * the issue thus formed shall be tried by the judge * * *." This language clearly implies that there

shall be a hearing before the court for the purpose of presenting evidence in support of the opposing affidavits. The record is before us without a statement of facts or findings of fact and conclusions of law. It is apparent the trial court sustained the application for change of venue without hearing any evidence, but did so after considering the respective affidavits only. This conclusion is borne out not only by the absence of a statement of facts or findings and conclusions, but also from the language of the court's order sustaining the application. The affidavits themselves cannot be considered as evidence but merely pleadings raising an issue of fact. Galveston H. & S. A. Ry. Co. v. Nicholson, Tex.Civ.App., 57 S.W. 693 (error refused). It is thus apparent appellees failed to sustain their burden of proof. Therefore the trial court erred in sustaining the application in the absence of any evidence to support the same.

In view of the fact the case was not fully developed, the judgment of the trial court will be reversed and the cause remanded.

Reversed and remanded.