**H. L. LONG et al., Appellants,**

v.

**HUMBLE OIL & REFINING COMPANY, Appellee.**

**No. 7549.**

Court of Civil Appeals of Texas.

Texarkana.

March 17, 1964.

Rehearing Denied April 14, 1964.

Gordon Wellborn, Wellborn, Houston, Phenix, Keeling & Wilder, Henderson, Erich F. Klein, Jr., Lyne, Blanchette, Smith & Shelton, Dallas, Fred Erisman, Longview, Angus Wynne, Dallas, for appellants.

Frank L. Heard, Jr., Howard Naughton, L. J. Moore, Houston, Ramey, Brelsford, Hull & Flock, Tyler, for appellee.

**CHADICK, Chief Justice.**

This case was pending on the trial docket of the 4th Judicial District of Rusk County when, in response to a motion for a change of venue [1] as authorized by Rule 257, Vernon's Annotated Texas Rules of Civil Procedure, the trial judge ordered it transferred to the 114th Judicial Court of Smith County.

The defendants, H. L. Long, R. B. Gilmore, H. W. Bullion, Betty Virginia Long, individually and as Trustee for John Steven Long Trust, Larry Thos. Long Trust, Charles Edward Long Trust, and Lawrence Allen Long Trust, Jack I. Potter, individually and as Trustee of the Teddy Lee Potter Trust No. 1; Teddy Lee Potter, Harry L. Caserta, Valley Royalty Corporation, Republic National Bank of Dallas, Charles Stubblefield, H. G. Corporation, and Southwestern Life Insurance Company, gave notice of appeal from the trial court's order and the record has been timely lodged in this court.

The plaintiff, Humble Oil & Refining Company, and intervenor, Texaco Incor-

1. "Come Now HUMBLE OIL & REFINING COMPANY, Plaintiff, and TEXACO INC., Intervenor, in the above entitled and numbered cause, and file this, their Application for Change of Venue under Rule 257 of Texas Rules of Civil Procedure, and for grounds would show unto the Court as follows:

"I.

"That there exists in the County where this suit is pending so great a prejudice against the causes of action asserted by Plaintiff and Intervenor and against Plaintiff and Intervenor themselves that they cannot obtain a fair and impartial trial.

"II.

"That there is a combination against said Plaintiff and Intervenor and the causes of action by them asserted in this cause instigated by influential persons in Rusk and Gregg Counties, and by reason thereof, Plaintiff and Intervenor cannot expect a fair and impartial trial; that said influential persons include persons (their agents, employees and those acting in concert with them) who have an interest in the outcome of this *litation* because of property interests owned in the 'Mary Smith' leases or other leases on which alleged directionally drilled wells are surfaced, and because some of them, or their friends, are under terminal indictments growing out of the taking of oil through directionally drilled oil wells.

"III.

"That in addition to the foregoing, there exist other sufficient causes for the transfer of this cause by reason of fixed opinions in the minds of such a large percentage of persons in Rusk County as to the facts and merits of this controversy as a result of wide publicity given to the criminal and civil controversies growing out of the 'slant-hole' investigations and the previous hearings in this and other such cases.

"WHEREFORE, presenting the attached affidavits in support hereof, Plaintiff and Intervenor pray the Court to change the venue of this cause in accordance with Rule 259 of Texas Rules of Civil Procedure to a county that is free from the above objections."

porated, as appellees, have filed a motion to dismiss the appeal because the trial court's order is interlocutory and not independently appealable.

In this opinion a motion authorized by the provision of Rule 257 will be termed a "prejudice motion". And to differentiate, the term "plea of privilege" will be applied to applications designed to require a suit to be tried in a statutory county (or precinct) of venue because of subject matter or parties, as provided by Art. 1995, Art. 2390 and the numerous special venire articles[2] to be found in the 1925 Revised Civil Statutes as amended.

Two Court of Civil Appeals cases, Byer v. Dallas Power & Light Company, 290 S.W.2d 948, N.W.H., and the City of Irving v. Luttrell, 351 S.W.2d 941, N.W.H., have decided the legal issue presented by the appellee's motion to dismiss. These decisions reached opposite conclusions. In the Byer case it was decided that the order of the trial court overruling a prejudice motion was interlocutory and not the subject of a separate appeal. The appellee's motion to dismiss an appeal therefrom was sustained. In the other, the City of Irving case, the Court of Civil Appeals refused to dismiss an appeal from the trial court's order sustaining a prejudice motion.

Procedure governing the prejudice motion is prescribed wholly or in part by Rules 257, 258, 259, 261, 324 and 325. These rules set the motion up and treat it as a part of an independent proceeding, and nothing is found in them expressly or impliedly subjecting a prejudice motion to the provisions of Art. 2008 or any other statutes or rules of practice governing plea of privilege applications. It is regarded as an independent proceeding by the eminent legal scholar,

Roy W. McDonald, author of Texas Civil Practice. In 1 Texas Civil Practice 319, Sec. 401, following a short discussion of the plea of privilege practice, which he described as a "distinct step in pleading and pre-trial procedure", this respected writer says: "To be distinguished are motions which seek a change of venue because of local prejudice. The problems they raise differ in their nature, and the procedure for their handling is controlled by different rules." In 3 Texas Civil Practice, Secs. 10.19, 10.20 and 10.21 are devoted to the procedure applicable to prejudice motions.

The appellants squander no energy arguing that the order overruling the prejudice motion is not interlocutory in character, but concentrate their effort on the proposition that the order is made appealable by Art. 2008. Shell Petroleum Corporation v. Grays, 122 Tex. 491, 62 S.W.2d 113, and Pena v. Sling, 135 Tex. 200, 140 S.W.2d 441, 128 A.L.R. 1223 are cited as primary authority to support the proposition. On close examination the Shell case appears to be limited by its own language, as well as, by the explanation in the later case of Jeffries v. Dunklin, 131 Tex. 289, 115 S.W. 2d 391, to the proposition that Art. 2008 is applicable to proceedings in plea of privilege applications invoking the county (or precinct) of venue provisions of Art. 1995, Art. 2390, and the many special venue articles referred to in an earlier paragraph.

Unquestionably the trial court's order changing venue is interlocutory, and as no provision for appeal therefrom is provided by statute, the appellee's motion to dismiss the appeal must be granted. It is so ordered and the appeal is dismissed.

DAVIS, J., disqualified and took no part in the disposition of the case.

---

2. The most, if not all, of these special venue articles may be found in Clark's Venue in Civil Actions, p. 183, Chap. 30; see also Venue in the index to Vernon's Texas Civil Statutes; 1 Texas Civil Practice 417; Sec. 437 and footnotes.