H. L. LONG et al., Petitioners,

v.

HUMBLE OIL & REFINING CO. et al., Respondents.

John BATON et al., Petitioners,

v.

HUMBLE OIL & REFINING CO. et al., Respondents.

W. O. DAVIS, Jr., et al., Petitioners,

v.

HUMBLE OIL & REFINING CO. et al., Respondents.

ELBA CORPORATION et al., Petitioners,

v.

HUMBLE OIL & REFINING CO. et al., Respondents.

BURK ROYALTY CO. et al., Petitioners,

v.

HUMBLE OIL & REFINING CO. et al., Respondents.

NORTEX OIL & GAS CORP. et al., Petitioners,

v.

HUMBLE OIL & REFINING CO. et al., Respondents.

Nos. A–10177–10182.

Supreme Court of Texas.

June 17, 1964.

Rehearing Denied July 15, 1964.

Frank L. Heard, Jr., and Dillard Baker, L. J. Moore, Houston, Jack W. Flock, Tyler, for respondents.

## PER CURIAM.

The question common to all the above causes is whether or not an appeal lay to the Court of Civil Appeals from an order sustaining a motion for change of venue predicated upon the provisions of Rule 257 of the Texas Rules of Civil Procedure.[1] The Court of Civil Appeals held in Long v. Humble Oil and Refining Co., 377 S.W.2d 844, that the order was interlocutory and non-appealable. By appropriate orders the decision in the Long case was made applicable to the other causes set forth in the caption to this opinion.

The decision of the Court of Civil Appeals is contrary to that of the Amarillo Court of Civil Appeals in City of Irving v. Luttrell, 351 S.W.2d 941, no writ history (1961).

■ We have jurisdiction to determine whether or not the Court of Civil Appeals has jurisdiction of the interlocutory orders from which the appeals were attempted. McCauley v. Consolidated Underwriters, 157 Tex. 475, 304 S.W.2d 265 (1957).

■ We hold that it does not. We are in agreement with the decisions of the Court of Civil Appeals in the present causes, Rule 483, Texas Rules of Civil Procedure. The applications for writs of error are refused.

Gordon Wellborn, Houston, Phenix, Keeling & Wilder, Henderson, Fred Erisman, Longview, Wynne, Jaffe & Tinsley, Lynne, Blanchette, Smith & Shelton, Robert T. Gowan, Dallas, for petitioners.

1. "A change of venue may be granted in civil causes upon application of either party, supported by his own affidavit and the affidavit of at least three credible persons, residents of the county in which the suit is pending, for any following cause:

"(a) That there exists in the county where the suit is pending so great a prejudice against him that he cannot obtain a fair and impartial trial.

"(b) That there is a combination against him instigated by influential persons, by reason of which he cannot expect a fair and impartial trial.

"(c) For other sufficient cause to be determined by the court." [Rule 257]