C. B. ROBERTSON, Appellant,

v.

Mona ROBERTSON, Appellee.

No. 7398.

Court of Civil Appeals of Texas.

Amarillo.

Sept. 28, 1964.

Rehearing Denied Oct. 19, 1964.

---

Albert Smith, Lubbock, for appellant.

Hamilton & Deaver, Memphis, for appellee.

DENTON, Chief Justice.

This suit was filed by appellant, C. B. Robertson, against appellee, Mona Robertson, seeking a mandatory injunction to compel the removal of an embankment constructed by appellee and for damages alleged to be caused by the embankment's diversion of the natural flow of the surface water onto appellant's land. This case has been tried four times and this is the third appeal. The third trial resulted in a hung jury. See (Tex.Civ.App.), 291 S.W.2d 452; (Tex.Civ.App.), 309 S.W.2d 957; 159 Tex. 567, 323 S.W.2d 938. Based on a jury verdict the trial court entered judgment denying appellant any relief.

After the Supreme Court reversed and remanded the case following the second trial appellant duly filed his verified application for change of venue urging as grounds therefor that there exists in Hall County prejudice in favor of appellee, Mona Robertson, and against appellant, C. B. Robertson, and wide-spread, general familiarity of the citizens of that county with the case; and that by reason of which appellant alleged he could not receive a fair and impartial trial in Hall County. Appellant's application was in proper form and was supported by affidavits by three credible persons as required by Rule 257, Texas Rules of Civil Procedure. Appellee timely contested the application, denying under oath the truth of the allegations contained therein; but did not allege affirmative matters in opposition to appellant's application. We are of the opinion, and so hold, appellee's affidavit opposing the application for change of venue was a sufficient attack to form an issue which must be tried by the trial court as required by Rule 258. City of Irving v. Luttrell, (Tex.Civ.App.), 351 S.W.2d 941. The issue thus formed was heard by the trial judge. The application was refused and appellant duly excepted. Thereupon, the case was tried on its merits before a jury. Based upon this jury verdict the trial court rendered judgment denying appellant the relief sought.

Appellant's first point of error contends the trial court erred in overruling its motion for a change of venue. The issue having been formed, the burden was upon the appellant to prove the facts upon which the motion for change of venue was based. A. H. Belo Corp. v. Blanton, 133 Tex. 391, 129 S.W.2d 619; Trammell v. Currie (Tex.Civ.App.), 261 S.W. 827 (Dismissed). It is well settled that when the application is duly made and properly contested, as was done here, the trial judge becomes vested with broad discretion at the hearing to determine whether the application should be granted or refused. An abuse of discretion on the part of the trial judge is subject to review by the appellate courts, but unless an abuse of discretion is shown a decision below should not be disturbed on appeal. Texas & N. O. R. Co. v. Wilkerson (Tex.Civ.App.), 260 S.W.2d 912; Bennett v. Jackson (Tex.Civ.App.), 172 S.W.2d 395, (Refused, WM).

Four witnesses testified for the appellant in support of his application while no testimony was offered by appellee in opposition thereto. The affidavit filed by appellee cannot be considered as evidence but merely pleadings raising an issue of

fact. Galveston H. & S. A. Ry. Co. v. Nicholson (Tex.Civ.App.), 57 S.W. 693, (Error Refused); City of Irving v. Luttrell, supra. There was evidence appellant would be unable to receive a fair and impartial trial in Hall County. Boots Perkins, a service station employee in Memphis, Hall County, Texas, testified he had heard the case discussed, "every where I have ever been" and "Well, I didn't see hardly how they could be a jury without a set mind on it. It has been going on for so long." Howard Martin, a farmer and a resident of the county for over fifty years, testified he did not believe appellant could get a fair and impartial trial in that county and had heard one man say, "can't afford to let Charlie win. If they do, everybody will be suing his neighbor over water." A. J. Spence, a farmer in the Webster community of Hall County, had heard the case discussed by those who seemed to favor one party and others who seemed to favor the other, but added, "Most of the ones I have heard are of the opinion he can't get a fair trial because most of the jurors know too much about the case. They heard the case too often." Appellant also testified on this hearing concerning statements made to him by others which were to the effect "people are prejudice against me in favor of Mona." Cross-examination of these witnesses did not materially alter this direct testimony. We conclude appellant has met the burden of proof by establishing the facts alleged by credible evidence. When appellant's testimony went unchallenged we are of the opinion the trial court abused its discretion in refusing to grant the application for change of venue. In view of this holding appellant's other points of error will not be considered.

The judgment of the trial court is reversed and the cause is remanded with instructions to remove the cause persuant to appellant's application for change of venue in accordance with Rule 259, Texas Rules of Civil Procedure.

Reversed and remanded.