IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 03-0827
════════════
 
The University of Texas 
Medical Branch at Galveston
 d/b/a John Sealy Hospital ("UTMB"), 
Petitioner,
 
v.
 
Kevin Barrett, M.D., 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the Fourteenth District 
of Texas
════════════════════════════════════════════════════
 
 
PER CURIAM
 
Justice Brister did not participate in 
the decision.
 
We previously 
denied the petition for review in this case.[1]  In its motion for rehearing, petitioner 
urges us to resolve the conflict in the courts of appeals over the single issue 
here presented.  We agree that the 
conflict should be resolved and grant the motion for rehearing to do so.
Before suing 
under the Texas Whistleblower Act,[2] 
a public employee must timely initiate his employer’s grievance or appeal 
procedures relating to employee discipline.[3]  Then, as section 554.006(d) states:
 
If a final decision is not rendered before the 61st day after 
the date [such] procedures are initiated . . . , the employee may 
elect to:
 
(1)       exhaust the 
applicable procedures . . . , in which event the employee must 
sue not later than the 30th day after the date those procedures are exhausted to 
obtain relief under this chapter; or
 
(2)       terminate 
procedures . . . , in which event the employee must sue within 
the time remaining under Section 554.005 to obtain relief under this 
chapter.
 
Dr. Kevin 
Barrett sued his former employer, the University of Texas Medical Branch at 
Galveston, only 27 days after initiating grievance procedures complaining of the 
termination of his employment.  UTMB 
filed a plea to the jurisdiction, asserting that Barrett’s failure to wait 60 
days before suing deprived the trial court of jurisdiction over his action.  The trial court denied the plea, and a 
divided court of appeals, sitting en banc, affirmed.[4]  We agree that the plea was properly 
denied.
Section 
554.006 does not require that grievance or appeal procedures be exhausted before 
suit can be filed; rather, it requires that such procedures be timely initiated 
and that the grievance or appeal authority have 60 days in which to render a 
final decision.  We need not decide 
here whether the failure to meet these requirements deprives the court of 
jurisdiction over the action.  
Whether the purpose of the requirements is, as the court of appeals 
concluded, to allow an opportunity for resolution of disputes before going to 
court, or instead, as UTMB argues, to deny a court jurisdiction over an action 
unless the requirements have been satisfied, the purpose is adequately protected 
by abating a prematurely filed action until the end of the 60-day period, 
provided that the procedures have been timely initiated and can continue for the 
required 60 days or until a final decision is rendered, whichever occurs 
first.[5]  To the extent other cases have 
suggested[6] 
or held[7] 
to the contrary, we disapprove them.
Accordingly, 
we grant petitioner’s motion for rehearing, grant the petition for review,[8] 
and without hearing oral argument,[9] 
affirm the judgment of the court of appeals.
 
Opinion 
delivered: March 11, 2005




[1] 47 Tex. Sup. Ct. J. 1188 (Sept. 10, 
2004).

[2] Tex. Gov’t 
Code §§ 554.001-.010.

[3] Id. § 554.006(a)-(c):
 
“(a)         
A public employee must initiate action under the grievance or appeal 
procedures of the employing state or local governmental entity relating to 
suspension or termination of employment or adverse personnel action before suing 
under this chapter.
 
“(b)         
The employee must invoke the applicable grievance or appeal procedures 
not later than the 90th day after the date on which the alleged violation of 
this chapter:
 
A(1)         
occurred;  
or
 
“(2)         
was discovered by the employee through reasonable 
diligence.
 
“(c)         
Time used by the employee in acting under the grievance or appeal 
procedures is excluded, except as provided by Subsection (d), from the period 
established by Section 554.005.”

[4] 112 S.W.3d 815 (Tex. App.CHouston [14th Dist.] 2003) (en banc opinion by Brister, 
C.J.; dissenting opinions by Anderson, J., and by Yates, J.) (interlocutory 
appeal after reversal and remand in Barrett v. University of Texas Med. 
Branch at Galveston,  No. 
14‑01‑00981‑CV, 1999 Tex. App. LEXIS 2947  
(Tex. App.‑Houston [14th Dist.] 1999, pet. denied) (not designated for 
publication)).

[5] Hubenak v. San 
Jacinto Gas Transmission Co., 141 S.W.3d 172, 184 (Tex. 2004) (“Rather, the 
statute’s goal C avoidance of protracted litigation C can be accomplished by requiring an abatement of the 
proceeding until the requirement that the parties ‘are unable to agree’ has been 
satisfied.”) (citing Albertson’s, Inc. v. Sinclair, 984 S.W.2d 958, 
961-962 (Tex. 1999); Hines v. Hash, 843 S.W.2d 464, 469 (Tex. 1992); 
State v. $435,000, 842 S.W.2d 642, 645 (Tex. 1992) (per curiam); Schepps v. 
Presbyterian Hosp. of Dallas, 652 S.W.2d 934, 938 (Tex. 1983));  American Motorists Ins. Co. v. Fodge, 63 S.W.3d 801, 805 (Tex. 2001) (“If a claim is not within a court’s jurisdiction, and the 
impediment to jurisdiction cannot be removed, then it must be dismissed; but if 
the impediment to jurisdiction could be removed, then the court may abate 
proceedings to allow a reasonable opportunity for the jurisdictional problem to 
be cured.”).

[6] Watson v. Dallas Indep. 
Sch. Dist., 135 S.W.3d 208, 224-227 (Tex. 
App.CWaco 2004, no pet.) (stating that the requirements of 
section 554.006 are jurisdictional, but concluding that the plaintiff satisfied 
them); Harris County v. Lawson, 122 S.W.3d 276, 281-284 (Tex. 
App.CHouston [1st Dist.] 2003, pet. denied) (en banc) 
(suggesting that the requirements of section 554.006 are jurisdictional, but 
holding that the plaintiff satisfied them).

[7] Bellows v. Hendrick, 
No. 13-03-00445-CV, 2004 WL 1854240, at *2 (Tex. App.CCorpus Christi Aug. 19, 2004, pet. filed [no. 04-0973]) 
(mem. op.); City of San Antonio v. Marin, 19 
S.W.3d 438, 441-442 (Tex. App.CSan Antonio 2000, pet. denied) (holding that the trial 
court lacked jurisdiction of an action filed during the 60-day period provided 
by section 554.004(d)).

[8] See Tex. 
Gov’t Code § 22.225(c) (regarding the Supreme Court’s jurisdiction over 
interlocutory appeals); Long v. Humble Oil & Ref. Co., 380 S.W.2d 
554, 555 (Tex. 1964) (regarding the Supreme Court’s jurisdiction to determine 
whether appellate court had jurisdiction).

[9] Tex. R. App. 
P. 59.1.