In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-12-00339-CV**
_____

**JOHN ROBERTS, Appellant**

**V.**

**BREE ALLEN, ET AL, Appellees**

**On Appeal from the 1A District Court**
**Newton County, Texas**
**Trial Cause No. 13225**

**MEMORANDUM OPINION**

John Roberts appeals from the trial court's dismissal of his lawsuit pursuant to Chapter 14 of the Texas Civil Practice & Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-14.014 (West 2002 & Supp. 2012). We affirm the trial court's order of dismissal.

BACKGROUND

Roberts filed a lawsuit in Wichita County against numerous defendants, including district judges, prosecutors, defense counsel, district clerks, deputy

1

attorneys general, the sheriff, an official court reporter, and the director of the Texas Department of Criminal Justice. Roberts captioned his lawsuit as "Roberts vs. Newton County et al," but Roberts did not actually name Newton County itself as a defendant. Roberts alleged that he was convicted of capital murder in Newton County without presentment by the grand jury of a "true bill of indictment" and that malicious prosecution occurred. A copy of the judgment from Roberts's criminal trial appears in the appellate record, and the copy reflects that the judgment was signed on September 18, 1997. Roberts did not mention venue in the petition, but did declare that he was incarcerated in Wichita County on the date the petition was filed. With his petition, Roberts filed a declaration of inability to pay costs, as well as an affidavit of previous filings. Roberts also filed a "motion for stay of venue," in which he alleged that he filed the lawsuit in Wichita County because the suit named numerous Newton County court officials who "would have much prejudice against Plaintiff[.]"

Two of the defendants filed motions to transfer venue of the cause to Newton County. The Wichita County trial court granted one of the motions and signed an order transferring venue to Newton County. Subsequently, the Newton County District Court signed an order dismissing Roberts's case "in its entirety" as frivolous pursuant to chapter fourteen of the Civil Practice and Remedies Code,

2

and noted in the order that the dismissal was with prejudice. Roberts filed this appeal, in which he contends in two issues that the trial court erred by granting a motion to transfer venue without allowing him an evidentiary hearing and a reasonable opportunity to conduct discovery, and that the trial court abused its discretion when it dismissed his case as frivolous, with prejudice.

VENUE

In his first issue, Roberts argues that the trial court erred by granting the motion to transfer venue. The general venue rule, found in section 15.002 of the Civil Practice and Remedies Code provides as follows, in pertinent part: "all lawsuits shall be brought: . . . in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred[.]" Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(1) (West 2002). Another mandatory venue provision is found in section 15.019 of the Civil Practice and Remedies Code, which states that "an action that *accrued* while the plaintiff was housed in a facility operated by or under contract with the Texas Department of Criminal Justice shall be brought in the county in which the facility is located." *Id*. § 15.019(a) (West 2002) (emphasis added).

The appellate record reflects that the judgment in which Roberts was found guilty of murder was signed in 1997. Roberts's petition alleged he was

3

incarcerated at a facility in Wichita County in 2010, when he filed his petition. In his "motion to stay venue," as well as his responses to the motions to transfer venue, Roberts asserted only that he would be prejudiced should venue be transferred to Newton County. Roberts cited Texas Rule of Civil Procedure 257, which provides that "[a] change of venue may be granted in civil causes upon motion of either party . . . [if] . . . there exists in the county where the suit is pending so great a prejudice against him that he cannot obtain a fair and impartial trial." Tex. R. Civ. P. 257(a).

Rule 257 deals with motions to transfer venue, and does not itself permit venue in a particular county. *See* Tex. R. Civ. P. 257. Roberts was not seeking a change of venue, but was instead attempting to support his selection of Wichita County as the county where he filed his lawsuit. Furthermore, Rule 257 requires that a motion to change venue must be supported by the affidavits of "at least three credible persons" who are "residents of the county in which the suit is pending[.]" Tex. R. Civ. P. 257. Roberts did not provide any affidavits or unsworn declarations in support of either of his responses to the motions to transfer venue. Therefore, Rule 257 does not support Roberts's arguments. In addition, the case Roberts cites for the proposition that the trial court must grant an evidentiary hearing or permit discovery prior to ruling on a motion to transfer venue is inapposite because that

4

case involved opposing affidavits that created a fact issue. *See City of Irving v. Luttrell*, 351 S.W.2d 941, 942-43 (Tex. Civ. App.—Amarillo 1961, no pet.).

Moreover, section 15.002 of the Civil Practice and Remedies Code, rather than section 15.019, applies to this cause because the record, including Roberts's pleadings, demonstrates that his claims are based upon events that allegedly occurred in Newton County, and Roberts's pleadings do not establish that Roberts was incarcerated in Wichita County when his alleged causes of action accrued. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 15.002, 15.019. For all of these reasons, we overrule Roberts's first issue.

DISMISSAL WITH PREJUDICE AS FRIVOLOUS

In his second issue, Roberts argues that the trial court erred by dismissing his case as frivolous, with prejudice. We review a trial court's dismissal of an inmate's claims under Chapter 14 for an abuse of discretion. *Leachman v. Dretke*, 261 S.W.3d 297, 303 (Tex. App.—Fort Worth 2008, no pet.); *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ); *see* Tex. Civ. Prac. & Rem. Code Ann. § 14.003 (West 2002). A trial court abuses its discretion if it acts unreasonably or without reference to any guiding rules or principles. *Leachman*, 261 S.W.3d at 303. We review de novo whether the plaintiff's claims have no basis in law such that dismissal on that ground is authorized. *See Retzlaff v. Tex. Dep't of*

5

*Criminal Justice*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).

Section 14.003(a)(2) of the Civil Practice and Remedies Code provides as follows, in pertinent part: "A court may dismiss a claim, either before or after service of process, if the court finds that . . . the claim is frivolous or malicious[.]" Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2).

> In determining whether a claim is frivolous or malicious, the court may consider whether: (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

*Id.* § 14.003(b).

It is apparent from Roberts's pleadings that Roberts sued the defendants for alleged acts that would have been barred by prosecutorial immunity, judicial immunity, official immunity, derived judicial immunity, or otherwise barred by law. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007) (A suit against a state official in his official capacity is the same as a suit against the state entity the official represents.); *Dallas Cnty. v. Halsey*, 87 S.W.3d 552, 554 (Tex. 2002) (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978)) (Judges have absolute immunity from liability for judicial acts performed within the scope of their jurisdiction.); *City of Lancaster v. Chambers*,

6

883 S.W.2d 650, 653 (Tex. 1994) (Government employees are entitled to official immunity from suit arising from the performance of their discretionary duties in good faith when they are acting within the scope of their authority.); *Albright v. Tex. Dep't of Human Servs.*, 859 S.W.2d 575, 579 (Tex. App.—Houston [1st Dist.] 1993, no writ) (State employees whose jobs are classified as quasi-judicial are immune from suit when acting in good faith and within the scope of their employment.); *Miller v. Curry*, 625 S.W.2d 84, 86-87 (Tex. App.—Fort Worth 1981, writ ref'd n.r.e.) (Prosecutors have absolute immunity from civil liability.). Furthermore, a plaintiff who has been convicted of a criminal offense may not sue his attorney for legal malpractice in connection with the conviction unless the plaintiff has been exonerated on direct appeal, through post-conviction relief, or otherwise. *Peeler v. Hughes & Luce*, 909 S.W.2d 494, 497-98 (Tex. 1995). Roberts did not establish that he has been exonerated; in fact, as previously discussed, his pleadings indicated that he was incarcerated when the pleadings were filed. Finally, to establish a malicious prosecution claim arising from a criminal prosecution, a plaintiff must show, among other elements, that the prosecution terminated in his favor. *See Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex. 1997). In this case, Roberts's own pleadings establish that the alleged

acts of which he complains culminated in his conviction of murder, so Roberts could not successfully recover for malicious prosecution.

For all of these reasons, Roberts's claims had no arguable basis in law or in fact, and Roberts's chance of success was slight. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b)(1), (12). Accordingly, the trial court did not abuse its discretion by dismissing Roberts's claims in their entirety as frivolous. A dismissal with prejudice is proper when, as here, the trial court's decision to dismiss is based on the conclusion that the inmate's claim has no arguable basis in law. *See Hamilton v. Williams,* 298 S.W.3d 334, 340 (Tex. App.—Fort Worth 2009, pet. denied); *Fernandez v. T.D.C.J.,* 341 S.W.3d 6, 13 (Tex. App.—Waco 2010, pet. denied). We overrule issue two and affirm the trial court's order.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice


Submitted on February 6, 2013
Opinion Delivered March 28, 2013
Before McKeithen, C.J., Gaultney and Horton, JJ.

8